**ORIGINAL**

*Feebied*
*NP*
*9*

FILED

2008 AUG -1  P 3: 10

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1   Neal A. Potischman (SBN 254862)
    Stephanie E. Lockwood (SBN 238215)
2   DAVIS POLK & WARDWELL
    1600 El Camino Real
3   Menlo Park, California  94025
    Telephone:  (650) 752-2000
4   Facsimile:  (650) 752-2111
5   E-mail:  neal.potischman@dpw.com
            lockwood@dpw.com
6
    Attorneys for Defendants
7   PHOTON DYNAMICS, INC.,
    DR. MALCOLM J. THOMPSON,
8   JEFFREY A. HAWTHORNE,
    TERRY H. CARLITZ,
9   DR. DONALD C. FRASER,
    EDWARD ROGAS, JR., and
10  CURTIS S. WOZNIAK

*ADR*

*E-FILING*

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                 SAN JOSE DIVISION

14  CAPITAL PARTNERS, on Behalf of Itself      Case No. **C 08    03688**
    and All Others Similarly Situated,
15                                             **NOTICE OF REMOVAL TO THE**
                    Plaintiff,                 **UNITED STATES DISTRICT**
16                                             **COURT FOR THE NORTHERN**
         v.                                    **DISTRICT OF CALIFORNIA**
17                                             **PURSUANT TO 28 U.S.C. § 1441(a)**
    DR. MALCOLM J. THOMPSON, JEFFREY
18  A. HAWTHORNE, TERRY H. CARLITZ,            [Santa Clara County Superior Court Case
    DR. DONALD C. FRASER, EDWARD               No. 08-CV-118315]
19  ROGAS, JR., CURTIS S. WOZNIAK,
    PHOTON DYNAMICS, INC. and
20  ORBOTECH, LTD.,

21                  Defendants.

22

23         PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 & 1446, and the

24  Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 78bb(f)(1) &

25  (2), defendant Photon Dynamics, Inc. ("Photon Dynamics"), along with Dr. Malcolm J.

26  Thompson, Jeffrey A. Hawthorne, Terry H. Carlitz, Dr. Donald C. Fraser, Edward

27  Rogas, Jr., and Curtis S. Wozniak (the "Individual Defendants"), by their attorney,

28  Davis Polk & Wardwell, hereby notice the removal to this Court of Case No. 08-CV-

NOTICE OF REMOVAL

**RS**

1  118315 from the Superior Court of the State of California for the County of Santa

2  Clara (the "California Superior Court") on the following grounds:

**BACKGROUND**

3

4        1.        On July 25, 2008, plaintiff Capital Partners filed this Class Action

5  Complaint (the "Complaint") in the Superior Court of the State of California for the

6  County of Santa Clara, entitled *Capital Partners, et al. v. Thompson, et al.*, Case No.

7  08-CV-118315, seeking damages and equitable relief to prevent Orbotech, Ltd.'s

8  ("Orbotech") acquisition of Photon Dynamics (the "Acquisition"). A true and correct

9  copy of the Complaint served on Photon Dynamics and the Individual Defendants is

10 attached hereto as Exhibit A. The Complaint constitutes all process and pleadings

11 served upon defendants in this action to date.

12       2.        As a matter of substance, this action alleges that the Individual

13 Defendants breached their fiduciary duties of care, good faith, and loyalty to Photon

14 Dynamics' shareholders. *See* Complaint ¶ 37. Plaintiff further alleges that all

15 defendants except Orbotech breached their fiduciary duty "to disclose to plaintiff and

16 the class all information material to the decisions confronting Photon Dynamics' public

17 shareholders with regard to their vote" on the Acquisition (*id.* ¶ 42), and contend that

18 Orbotech aided and abetted the claimed breaches of fiduciary duty. *Id.* ¶ 46. Plaintiff

19 further asserts that Photon Dynamics' preliminary proxy statement regarding the

20 Acquisition, which was filed with the SEC but not distributed to shareholders, contains

21 "materially inadequate disclosures and materials omissions." *Id.* ¶¶ 35, 43; *see also id.*

22 ¶ 1 (alleging that the preliminary proxy "concealed material information"). Plaintiff

23 devotes a section of the Complaint to the allegedly "MATERIALLY MISLEADING

24 AND/OR INCOMPLETE PROXY." *Id.* ¶ 35. As a matter of form, Capital Partners

25 has framed its claims under state law, a strategy that, if successful, would among other

26 things avoid the heightened pleading requirements of the Private Securities Litigation

27 Reform Action of 1995 ("PSLRA"). In reality, the action is a preempted strike suit.

28

1      3.    Plaintiff served defendants Photon Dynamics, Dr. Malcolm J.

2   Thompson, Jeffrey A. Hawthorne, Terry H. Carlitz, Dr. Donald C. Fraser, Edward

3   Rogas, Jr., and Curtis S. Wozniak on July 29, 2008. On information and belief, based

4   on conversations with counsel for Orbotech, plaintiff has not yet served Orbotech.

5                         **SUBJECT MATTER JURISDICTION**

6      4.    This is a civil action over which this Court has original jurisdiction

7   under 28 U.S.C. § 1331, and is one that may be removed to this Court by defendants

8   pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (b), in that the controversy is

9   founded on a claim arising under the Constitution, laws, or treaties of the United

10  States.

11                 **JURISDICTION UNDER 15 U.S.C. § 78bb**

12      5.    Removal to this Court is proper under SLUSA, which provides for the

13   removal of any "covered class action" brought under state law alleging a

14   misrepresentation or omission of a material fact in connection with the purchase or sale

15   of a "covered security." 15 U.S.C. § 78bb(f)(1).

16      6.    A "covered class action" under 15 U.S.C. § 78bb(f) is one in which

17   damages are sought on behalf of more than 50 persons. Capital Partners seeks to

18   represent a class of "many hundreds, if not thousands" of members. Complaint ¶ 21.

19   Specifically, it brings this action as a putative class action "on behalf of itself and all

20   other shareholders of the Company," who number far more than 50 people. *Id.* ¶ 20.

21      7.    A "covered security" under 15 U.S.C. § 78bb(f) and 15 U.S.C. § 77r(b)

22   is one traded nationally and listed on a regulated exchange. The common stock of

23   Photon Dynamics constitutes a "covered security" within the meaning of SLUSA

24   because it trades on the NASDAQ Global Market under the ticker symbol "PHTN."

25      8.    SLUSA specifically applies to suits based upon an alleged

26   "misrepresentation or omission of a material fact in connection with the purchase or

27   sale of a covered security." 15 U.S.C. § 78bb(f)(1). The Complaint alleges that

28   defendants have made "materially inadequate disclosures" and "material omissions" in

1    connection with the Acquisition. Complaint ¶¶ 35, 43. SLUSA provides that

2    securities class action claims brought under state law, like those asserted in the

3    Complaint, are to be governed exclusively by federal law. Thus, upon removal of this

4    "covered class action" to federal court, the action should be immediately dismissed as

5    preempted under SLUSA. 15 U.S.C. § 78bb(f)(1).

6        9.    SLUSA includes what is known as the "Delaware carve-out," which

7    preserves certain claims involving "any recommendation, position or other

8    communication with respect to the sale of securities of an issuer that . . . is made by or

9    on behalf of the issuer to holders of equity securities of the issuer; and . . . concerns

10   decisions of such equity holders with respect to voting their securities, acting in

11   response to a tender or exchange offer, or exercising dissenters' or appraisal rights."

12   15 U.S.C. § 78bb(f)(3). This action, however, does not fall within SLUSA's exception

13   because, to date, there has been no "recommendation, position or other

14   communication" to shareholders regarding voting decisions. The Complaint alleges

15   that on July 14, 2008, defendants "filed a Proxy Statement with the SEC and used the

16   SEC to distribute the Proxy Statement to shareholders via the Internet." Complaint

17   ¶ 35. Plaintiff then claims that the "Proxy Statement" filed with the SEC makes

18   misrepresentations and/or omits material information. *Id.* Plaintiff, however, is

19   mistaken. On July 14, 2008, defendants filed a <u>preliminary</u> proxy statement as per

20   Securities and Exchange Act regulations. 17 CFR § 240.14a-6. Here, the preliminary

21   proxy statement was not "distributed" to shareholders; rather, it was filed with the SEC

22   to allow for regulatory comments prior to finalization and transmission to all

23   shareholders. Therefore, there was no "communication" to shareholders of the

24   preliminary proxy statement. *See Klein v. Southwest Gas Corp.*, No. 99-1004-IEG

25   (CGA), 1999 WL 33944685, at *4 (S.D. Cal. Aug. 3, 1999) (noting that allegations

26   regarding material omission from a preliminary proxy statement submitted to the

27   Securities Exchange Commission created a federal question under SLUSA); *see also*

28   *Drulias v. Ade Corp.*, 06-11033-PBS, 2006 WL 1766502, at *2 (D. Mass. June 26,

1  2006) (finding SLUSA jurisdiction over state law breach of fiduciary duty claim based

2  on preliminary proxy statement filed with SEC).

3       10.    Therefore, because this action is subject to SLUSA and falls outside of

4  any statutory exception, this action is removable to federal court.

5  <center>**INTRADISTRICT ASSIGNMENT**</center>

6       11. This action has been removed to the Northern District of California, San

7  Jose Division, pursuant to Northern District Local Rule 3-2(c) and the Court's

8  Assignment Plan, embodied in General Order ¶ 44 (D)(2)(5), which provides that

9  venue for cases involving Securities Class Actions "shall be proper in any Courthouse

10  in this District."

11  <center>**TIMING OF REMOVAL**</center>

12       12.    This notice of removal is timely because it is filed well within the thirty

13  (30) days after service of the Complaint on Photon Dynamics and the Individual

14  Defendants, as required by 28 U.S.C. § 1446(b).

15  <center>**REMOVAL PROCEDURE**</center>

16       13.    All served defendants in the Action consent to this removal.[1]

17       14.    Accordingly, all of the requirements of 28 U.S.C. § 1331 are met by this

18  notice, and this Action may properly be removed to this Court pursuant to 28 U.S.C.

19  § 1441(a).

20       15.    Defendants will properly serve written notice of the removal of this

21  Action upon all adverse parties and will file such notice with the Clerk of the Superior

22  Court of the State of California, County of Santa Clara, as required by 28 U.S.C.

23  § 1446(d), substantially in the form annexed hereto as <u>Exhibit B</u>.

24       16.    Each of the served defendants in this action is represented by the

25  undersigned counsel who certify, pursuant to Rule 11 of the Federal Rules of Civil

26  Procedure, that the foregoing is true and correct.

27

28       [1] As noted above at paragraph 3, defendant Orbotech apparently has not been served and therefore its consent to removal is not required. Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial* § 2:977 (The Rutter Group 2008).

1    WHEREFORE, defendants remove the original action brought by plaintiff now

2  pending in the Superior Court for the County of Santa Clara from that state court to

3  this Court.

4

5  Dated:   August 1, 2008                     Respectfully Submitted,

6                                              DAVIS POLK & WARDWELL

7

8                                      By: _____

9                                              Stephanie E. Lockwood (SBN 238215)
                                               Neal A. Potischman (SBN 254862)
10

11                                             1600 El Camino Real
                                               Menlo Park, California 94025
12                                             Telephone:  (650) 752-2000
                                               Facsimile: (650) 752-2111
13                                             E-mail: lockwood@dpw.com
                                                       neal.potischman@dpw.com
14

15                                             Attorneys for Defendants
                                               PHOTON DYNAMICS, INC.,
16                                             DR. MALCOLM J. THOMPSON,
                                               JEFFREY A. HAWTHORNE,
17                                             TERRY H. CARLITZ, DR.
                                               DONALD C. FRASER, EDWARD
18                                             ROGAS, JR., and CURTIS S.
                                               WOZNIAK
19

20

21

22

23

24

25

26

27

28

1 HULETT HARPER STEWART LLP
2 KIRK B. HULETT, SBN: 110726
  BLAKE MUIR HARPER, SBN: 115756
3 SARAH P. WEBER, SBN: 239979
  550 West C Street, Suite 1600
4 San Diego, CA 92101
  Telephone: (619) 338-1133
5 Facsimile: (619) 338-1139

6 Attorneys for Plaintiff

7

8  **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9   **IN AND FOR THE COUNTY OF SANTA CLARA**

10 CAPITAL PARTNERS, on Behalf of Itself  CASE NO. 
  and All Others Similarly Situated,
11

12     Plaintiff,  **COMPLAINT FOR BREACH OF
         FIDUCIARY DUTY AND FAILURE TO
  v.         DISCLOSE**
13

14 DR. MALCOLM J. THOMPSON,
  JEFFREY A. HAWTHORNE, TERRY H.
15 CARLITZ, DR. DONALD C. FRASER,
  EDWARD ROGAS, JR., CURTIS S.
16 WOZNIAK, PHOTON DYNAMICS, INC.
  AND ORBOTECH, LTD.,
17

18     Defendants.  **JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

ENDORSED

2008 JUL 25 P 3: 44

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By
M. Rodriguez, Deputy





COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1    Plaintiff, as and for its Class Action Complaint, alleges upon personal knowledge as to
2    itself and its own acts, and upon information and belief derived from, *inter alia*, a review of
3    documents filed with the Securities and Exchange Commission ("SEC") and publicly available
4    news sources, such as newspaper articles, as to all other matters, as follows:

5    **NATURE OF THE ACTION**

6    1.    This is a shareholder class action on behalf of Plaintiff and the other public
7    stockholders of Photon Dynamics, Inc. ("Photon Dynamics" or the "Company") common stock
8    against Photon Dynamics, Inc., the Company's directors and Orbotech, Ltd. It challenges the sale
9    of Photon Dynamics to Orbotech, Ltd. and its wholly owned subsidiary, PDI Acquisition, Inc.
10   (collectively "Orbotech") in a proposed transaction (the "Sale Agreement") which protects and
11   advances the interests of Photon Dynamics' directors and Orbotech at the expense of Photon
12   Dynamics' public shareholders and also challenges the Individual Defendants' efforts to conceal
13   material information from Plaintiff and Photon Dynamics' other public shareholders in
14   conjunction with the same. Specifically, as further alleged below, all of Photon Dynamics'
15   directors will receive extensive personal compensation as a result of the Sale Agreement –
16   compensation that they would not otherwise receive at this time absent the Sale Agreement. This
17   conflict of interest caused these directors to be unable to fairly and thoroughly evaluate the Sale
18   Agreement to ensure that it is in the best interest of Photon Dynamics and its public shareholders.
19   Additionally, Photon Dynamics' directors caused Photon Dynamics to file a proxy statement with
20   the SEC on or about July 14, 2008 (and, through the SEC, distribute to Photon Dynamics'
21   shareholders over the Internet) which concealed material information from Plaintiff and Photon
22   Dynamics' other public shareholders (the "Proxy Statement").

23   **JURISDICTION**

24   2.    This Court has jurisdiction over the subject matter of this action pursuant to the
25   California Constitution, Article VI, Section 10, because this case is an action not given by statute
26   to other trial courts.

27   3.    This Court has jurisdiction over the Defendants in this action because Photon
28   Dynamics is a California corporation headquartered in this County and State and because the

1

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1    improper conduct alleged in this Complaint occurred in and/or was directed at this County or

2    State.    Additionally, this Court has jurisdiction over each of the Defendants because their

3    wrongful conduct challenged in this Complaint was directed at, and intended to have its primary

4    effect in, this County and State.

5        4.    Venue lies in this Court because Photon Dynamics' principal place of business is

6    located in San Jose, California within Santa Clara County, and Defendants' wrongful acts

7    occurred in substantial part in or were directed toward Santa Clara County.

8        5.    This action challenges the internal affairs or governance of Photon Dynamics and

9    hence is not removable to Federal Court under the Class Action Fairness Act of 2005 or the

10    Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f).

11                                    **THE PARTIES**

12        6.    Plaintiff Capital Partners is the owner of shares of Photon Dynamics' common

13    stock and has been the owner of such shares at all relevant times.

14        7.    Defendant Photon Dynamics is a California corporation with executive offices

15    located at 5970 Optical Court, San Jose, California 95138-1400.    The Company is a global

16    supplier utilizing advanced machine vision technology for liquid crystal display flat panel display

17    test and repair systems and for digital imaging systems for defense, surveillance, industrial

18    inspection and medical imaging applications.

19        8.    Defendant Dr. Malcolm J. Thompson ("Thompson") has served as a director of the

20    Company since 1992.    Thompson has served as the Executive Chairman of Photon Dynamics

21    from October 2003 until September 2005 and is now Chairman of the Company's Board of

22    Directors.    In connection with the Sale Agreement, Thompson (i) is expected to receive a cash

23    payment of approximately $111,280.00 for the accelerated vesting of his unvested Photon

24    Dynamics stock options and restricted stock units and (ii) will be granted a right to

25    indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

26    This Court has jurisdiction over Thompson because Photon Dynamics is headquartered in

27    California and many of Thompson's actions challenged in this Complaint occurred in substantial

28    part, were directed at, and/or intended to have their primary effect in, this State.

2

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1       9.    Defendant Jeffrey A. Hawthorne ("Hawthorne") has served as a director of the

2 Company since December 2003. Hawthorne has also served as the Company's President and

3 Chief Executive Officer since October 2003. From July 2003 to October 2003, Hawthorne was

4 the Company's Chief Operating Officer. From November 2001 to July 2003, Hawthorne was the

5 Company's Vice President and President of the Company's Image Processing Systems Division.

6 Hawthorne joined the Company in 1991 and has held a series of other management positions

7 including Vice President of Development from September 1994 to November 2001.   In

8 connection with the Sale Agreement, Hawthorne (i) is expected to receive a cash payment of

9 $1,560,000.00 for the accelerated vesting of his unvested Photon Dynamics stock options and

10 restricted stock units, (ii) is expected to receive a cash severance payment of $700,000.00, and

11 (iii) will be granted a right to indemnification for acts or omissions occurring prior to the

12 consummation of the Sale Agreement.  This Court has jurisdiction over Hawthorne because

13 Photon Dynamics is headquartered in California and many of Hawthorne's actions challenged in

14 this Complaint occurred in substantial part, were directed at, and/or intended to have their

15 primary effect in, this State.

16      10.    Defendant Terry H. Carlitz ("Carlitz") has served as a director of the Company

17 since December 2004. In connection with the Sale Agreement, Carlitz (i) is expected to receive a

18 cash payment of approximately $111,280.00 for the accelerated vesting of her unvested Photon

19 Dynamics stock options and restricted stock units and (ii) will be granted a right to

20 indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

21 This Court has jurisdiction over Carlitz because Photon Dynamics is headquartered in California

22 and many of Carlitz's actions challenged in this Complaint occurred in substantial part, were

23 directed at, and/or intended to have their primary effect in, this State.

24      11.    Defendant Dr. Donald C. Fraser ("Fraser") has served as a director of the

25 Company since October 2007. In connection with the Sale Agreement, Fraser (i) is expected to

26 receive a cash payment of approximately $155,818.00 for the accelerated vesting of his unvested

27 Photon Dynamics stock options and restricted stock units and (ii) will be granted a right to

28 indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1    This Court has jurisdiction over Fraser because Photon Dynamics is headquartered in California

2    and many of Fraser's actions challenged in this Complaint occurred in substantial part, were

3    directed at, and/or intended to have their primary effect in, this State.

4        12.    Defendant Edward Rogas, Jr. ("Rogas") has served as a director of the Company

5    since October 2007. In connection with the Sale Agreement, Rogas (i) is expected to receive a

6    cash payment of approximately $91,780.00 for the accelerated vesting of his unvested Photon

7    Dynamics stock options and restricted stock units and (ii) will be granted a right to

8    indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

9    This Court has jurisdiction over Rogas because Photon Dynamics is headquartered in California

10   and many of Rogas' actions challenged in this Complaint occurred in substantial part, were

11   directed at, and/or intended to have their primary effect in, this State.

12       13.    Defendant Curtis S. Wozniak ("Wozniak") has served as a director of the

13   Company since December 2004. In connection with the Sale Agreement, Wozniak (i) is expected

14   to receive a cash payment of approximately $111,280.00 for the accelerated vesting of his

15   unvested Photon Dynamics stock options and restricted stock units and (ii) will be granted a right

16   to indemnification for acts or omissions occurring prior to the consummation of the Sale

17   Agreement.    This Court has jurisdiction over Wozniak because Photon Dynamics is

18   headquartered in California and many of Wozniak's actions challenged in this Complaint

19   occurred in substantial part, were directed at, and/or intended to have their primary effect in, this

20   State.

21       14.    Defendant Orbotech is a foreign corporation. Orbotech is principally engaged in

22   the design, development, manufacture, marketing and service of yield-enhancing and production

23   solutions for specialized applications in the supply chain of the electronics industry. This Court

24   has jurisdiction over Orbotech because many of Orbotech's actions challenged in this Complaint

25   occurred in substantial part, were directed at, and/or intended to have its primary effect in, this

26   State.

27       15.    The Defendants identified in paragraphs 8 through 13 collectively constitute the

28   entirety of the Company's board of directors. These six individuals are hereinafter referred to

<div align="center">4</div>

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1    collectively as the "Individual Defendants."

2    ## THE INDIVIDUAL DEFENDANTS' FIDUCIARY DUTIES

3    16.    Under applicable common law, the directors of a publicly held company such as

4    Photon Dynamics have fiduciary duties of care, loyalty, disclosure, good faith and fair dealing

5    and are liable to shareholders for breaches thereof. They are required to exercise good faith and

6    subordinate their own selfish interests to those of the corporation where their interests conflict.

7    Where it appears that a director has obtained any personal profit from dealing with the

8    corporation, and the transaction is drawn into question as between him and the stockholders of the

9    corporation, the burden is upon the director or officer to show that the transaction has been fair,

10    open and in the utmost good faith.

11    17.    As alleged in detail below, Defendants have breached, and/or aided other

12    Defendants' breaches of, their fiduciary duties to Photon Dynamics' public shareholders by acting

13    to cause or facilitate the Sale Agreement because it is not in the best interests of those

14    shareholders, but is in the best interests of the Individual Defendants who will collectively receive

15    significant personal profits as a result of the Sale Agreement, which they would not otherwise

16    receive at this time.

17    18.    Because Defendants have knowingly or recklessly breached their fiduciary duties

18    in connection with the Sale Agreement, and/or are personally profiting from the same, the burden

19    of proving the inherent or entire fairness of the Sale Agreement, including all aspects of its

20    negotiation, structure, and terms, is borne by Defendants as a matter of law.

21    19.    Further, as alleged in detail *infra*, the Individual Defendants have breached their

22    fiduciary duty of disclosure in that on July 14, 2008 they filed the Proxy Statement with the SEC

23    (and, through the SEC, distribute to Photon Dynamics shareholders over the Internet) but

24    concealed certain material information which a reasonable shareholder would find material in

25    determining whether to vote for the Sale Agreement. Among other things, the Individual

26    Defendants concealed the extent of the conflicts of interest of their financial advisor including,

27    *inter alia*, (i) information pertaining to Credit Suisse Securities (USA) LLC's ("Credit Suisse")

28    investments in Orbotech and/or its affiliates and payments that Credit Suisse has received and/or

5

1  expects to receive for services rendered to Orbotech, and (ii) the percentage of Credit Suisse's

2  fees which are contingent upon the consummation of the Sale Agreement.

3  <u>**CLASS ACTION ALLEGATIONS**</u>

4  20.    Plaintiff brings this action as a class action pursuant to California Code of Civil

5  Procedure § 382 on behalf of itself and all other shareholders of the Company except the

6  Defendants herein and any person(s), firm(s), trust(s), corporation(s), or other entit(ies) related to

7  or affiliated with them, who are or will be threatened with injury arising from Defendants'

8  actions, as more fully described herein (the "Class").

9  21.    The members of the Class are so numerous that joinder of all of them would be

10  impracticable.  While the exact number of Class members is unknown to Plaintiff, and can be

11  ascertained only through appropriate discovery, Plaintiff believes there are many hundreds, if not

12  thousands, of Class members.  Photon Dynamics had over 17 million shares of common stock

13  outstanding as of July 9, 2008.

14  22.    Plaintiff's claims are typical of the claims of the Class, since Plaintiff and the other

15  members of the Class have and will sustain harm arising out of Defendants' breaches of their

16  fiduciary duties.  Plaintiff does not have any interests that are adverse or antagonistic to those of

17  the Class.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is

18  committed to the vigorous prosecution of this action and has retained counsel competent and

19  experienced in this type of litigation.

20  23.    There are questions of law and fact common to the members of the Class that

21  predominate over any questions which, if they exist, may affect individual Class members.  The

22  predominant questions of law and fact include, among others, whether:

23  a.    the Defendants have and are breaching their fiduciary duties to the

24  detriment of Photon Dynamics shareholders;

25  b.    Plaintiff and the Class are entitled to an injunction and other equitable

26  relief; and

27  c.    Plaintiff and the Class have been damaged and the extent to which they

28  have sustained damages, and what is the proper measure of those damages.

6

1      24.    A class action is superior to all other available methods for the fair and efficient

2 adjudication of this controversy, since joinder of all members is impracticable.  Further, as

3 individual damages may be relatively small for most members of the Class, the burden and

4 expense of prosecuting litigation of this nature makes it unlikely that members of the Class would

5 prosecute individual actions.  Plaintiff anticipates no difficulty in the management of this action

6 as a class action.  Further, the prosecution of separate actions by individual members of the Class

7 would create a risk of inconsistent or varying results, which may establish incompatible standards

8 of conduct for Defendants.

9 <u>**SUBSTANTIVE ALLEGATIONS**</u>

10      25.    Discussions regarding a potential sale of Photon Dynamics to Orbotech began in

11 August 2005, at which time the Company's shares were trading at the high $19.00 range.

12 Following negotiations, the parties reached an understanding pursuant to which Orbotech would

13 acquire Photon Dynamics at a value of $24.50 per share.  However, several weeks later, Orbotech

14 withdrew from that understanding.

15      26.    In late 2006, Orbotech again proposed to acquire the Company at a price of $15.50

16 per share, however the Company's board rejected that proposal.

17      27.    In March 2008, Orbotech again made an unsolicited proposal to acquire the

18 Company at a price of $14.00 per share.  The Company determined to engage in negotiations with

19 Orbotech at that time and, to that end, retained Credit Suisse to serve at its financial advisor.

20 During negotiations with Orbotech, Credit Suisse indicated that a price of "$16.50 to $17.00" was

21 an appropriate basis to continue negotiations with Orbotech.  However, days later, the Board

22 lowered that price to $16.10 per share, then again to $15.80 per share.

23      28.    On June 26, 2008, Orbotech and Photon Dynamics announced that they have

24 signed a definitive agreement for Orbotech to acquire Photon Dynamics.  Under the terms of the

25 agreement, Orbotech will pay $15.60 per share in cash for all of the issued and outstanding shares

26 of Photon Dynamics' common stock, making an aggregate merger consideration value for the

27 transaction of approximately $290 million.

28

<div align="center">7</div>

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

**CONFLICTS OF INTERESTS**

**Each Member of Photon Dynamics' Board of Directors Has a Conflict of Interest with Regard to a Sale of the Company Because Each Will Receive Significant Payments that He/She Would Not Otherwise Receive at This Time Absent the Sale of the Company**

29.    As set forth in the chart below, each member of Photon Dynamics' board of directors has a conflict of interest with regard to a sale of the Company because each will receive significant payments in the form of the accelerated vesting of unvested stock options and restricted share units (RSU) that they would not otherwise receive at this time absent the Sale of the Company.

| Director | # of Unvested Options | # of Unvested Restricted Share Units | Value of Accelerated Equity Awards |
|---|---|---|---|
| Dr. Malcolm J. Thompson | 7,500 | 4,167 | $111,280 |
| Ms. Terry H. Carlitz | 12,500 | 4,167 | $111,280 |
| Dr. Donald C. Fraser | 13,750 | 4,450 | $155,818 |
| Mr. Edward Rogas, Jr. | 17,500 | 2,917 | $91,780 |
| Mr. Curtis S. Wozniak | 12,500 | 4,167 | $111,280 |
| Mr. Jeffrey A. Hawthorne | 8,640 | 100,000 | $1,560,000 |

30.    Further, defendant Hawthorne, the Company's Chief Executive Officer and President will also receive a cash payment of $700,000 in change of control severance payments as a result of the sale of the Company.

31.    In addition, under the terms of the Sale Agreement, all of the Company's stock options and RSUs, including those held by members of the Company's board of directors, will be assumed by Orbotech and converted into an option to purchase Orbotech shares. Thus, these directors will be able to share in Photon Dynamics' continued growth via Orbotech. The table below, which sets forth the number of RSUs and Stock Options held by each director, demonstrates that each director also held significantly more stock options and RSUs than Photon Dynamics' stock. Thus, the Individual Defendants' interests were clearly not aligned with the interest of Photon Dynamics' other public shareholders.

| Director | # of Photon Dynamics Shares | # of Restricted Share Units | # of Stock Options |
|---|---|---|---|
| Dr. Malcolm J. Thompson | 1,250 | 5,000 | 84,201 |
| Ms. Terry H. Carlitz | - | 5,000 | 50,000 |

8

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

| Director | # of Photon Dynamics Shares | # of Restricted Share Units | # of Stock Options |
|---|---|---|---|
| Dr. Donald C. Fraser | - | 4,550 | 13,750 |
| Mr. Edward Rogas, Jr. | 208 | 2,917 | 29,375 |
| Mr. Curtis S. Wozniak | - | 5000 | 50,000 |
| Mr. Jeffrey A. Hawthorne | 15,138 | 100,000 | 277,983 |

32.     Finally, each of the Individual Defendants will be granted rights to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement (the "Effective Time") for six years after the Effective Time – thereby insulating them from all liability arising from this transaction.

33.     Because of these financial and other incentives, each of the Individual Defendants has a conflict of interest in deciding whether Photon Dynamics should be sold at this time.

34.     Moreover, the Individual Defendants retained Credit Suisse to serve as their financial advisor and render a fairness opinion on the consideration offered pursuant to the Sale Agreement.  However they incentivized Credit Suisse to render a favorable fairness opinion by ensuring that a substantial majority of Credit Suisse's fee was payable only upon a consummation of the Sale Agreement.

### THE MATERIALLY MISLEADING AND/OR INCOMPLETE PROXY

35.     In addition, Defendants are breaching their fiduciary duties of full disclosure to Photon Dynamics' public shareholders in connection with the Sale Agreement.  In this regard, on July 14, 2008, the Individuals filed the Proxy Statement with the SEC and used the SEC to distribute the Proxy Statement to shareholders via the Internet.  However, the Proxy Statement is deficient in that it misrepresents and/or omits the following material information:

(i)     According to chart below extracted from the Proxy Statement (emphasis added) the projections for EBIT, Net Operating Profit after Tax and Unlevered Free Cash Flow for CY 2010 are significantly lower than the comparable projections for CY 2008, 2008, 2011 and 2012.  The Proxy Statement is deficient because it fails to explain the rationale for the significantly lower projections for 2010.

9

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

## PROJECTED FINANCIAL INFORMATION
### (in millions)

| | Calendar Period | | | | |
|---|---|---|---|---|---|
| | 2H-CY 2008 | CY 2009 | CY 2010 | CY 2011 | CY 2012 |
| Total Revenue | $ 114 | $ 172 | $ 130 | $ 152 | $ 183 |
| EBIT | $ 18 | $ 26 | $ 4 | $ 14 | $ 26 |
| Net Operating Profit after Tax | $ 17 | $ 23 | $ —4 | $ 12 | $ 24 |
| Unlevered Free Cash Flow [(1)] | $ 29 | $ 20 | $ 2 | $ 13 | $ 23 |

Any discrepancy in the information utilized by the Company's financial advisor to render its fairness opinion is material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(ii)  According to the Proxy Statement, in the ordinary course of business, Credit Suisse and its affiliates may acquire, hold or sell for its and its affiliates, own accounts and the accounts of customers, equity, debt and other securities of the Company and Orbotech, as well as provide investment banking and other financial services to such Companies. The Proxy Statement is deficient because it fails to disclose (a) the amount of the fees that Credit Suisse has received for work it has done for Orbotech and/or its affiliates, (b) any work, and the fees payable therefrom, that Credit Suisse expects to perform for Orbotech and/or its affiliates in the future, and (c) the extent of Credit Suisse's holdings in any equity, debt and/or other securities of Orbotech.

Information with regard to any conflict of interest that the Company's financial advisor may have is material to the Company's public shareholders in determining how much weight to place on its opinion and must therefore be disclosed.

(iii)  According to the Proxy Statement, a substantial majority of Credit Suisse's $4.5 million fee is contingent upon the close of the Sale Agreement. The Proxy Statement is deficient because it fails to disclose the percentage of that fee which is contingent upon the close of the transaction.

Information with regard to any conflict of interest that the Company's financial advisor may have is material to the Company's public shareholders in determining how much weight to place on its opinion and must therefore be disclosed.

(iv)  According to the Proxy Statement, Credit Suisse indicated to Orbotech that a price range of $16.50 to $17.00 per share was an "appropriate basis to continue negotiations" regarding a sale of Photon Dynamics to Orbotech. The Proxy Statement is deficient because it fails to disclose the basis upon which Credit Suisse arrived at this price range.

This information is material to Photon Dynamics' public shareholders in determining the extent to which the Individual Defendants complied with their duties of loyalty and care to protect the best interests of the Company's public shareholders.

(v)  With regard to Credit Suisse's *Discounted Cash Flow Analysis*, the Proxy

10

Statement fails to disclose the methodology Credit Suisse used to arrive at (a) discount rates of 12.0% to 16.0% that it used for this analysis and (b) the after taxes multiples of 12.0x to 20.0x that it used for this analysis.

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(vi)    With regard to Credit Suisse's *Selected Companies Analysis*, the Proxy Statement is deficient because it fails to disclose (a) the criteria Credit Suisse used to select the Companies it reviewed for this analysis, (b) the range of selected multiples that Credit Suisse derived from this analysis and applied to derive the implied estimated per share equity reference ranges.

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(vii)   With regard to Credit Suisse's *Selected Transactions Analysis*, the Proxy Statement is deficient because it fails to disclose (a) the criteria Credit Suisse used to select the transactions it reviewed for this analysis, (b) the range of selected multiples that Credit Suisse derived from this analysis and applied to derive the implied estimated per share equity reference ranges.

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed. This information becomes particularly important in this context given Credit Suisse's admission that it accorded less weight to this analysis than to the other analysis "in light of the lack of direct comparability between the companies engaged in the selected transactions and the Company."

(viii)  According to the Proxy Statement, Orbotech advised the Company that it would "agree to forego an employee-related closing condition in the merger agreement." The Proxy Statement is deficient because it fails to disclose what that condition is.

This information is material to Photon Dynamics' public shareholders in determining the extent to which the Individual Defendants complied with their duties of loyalty and care to protect the best interests of the Company's public shareholders.

## COUNT I

### Breach of Fiduciary Duties of Care, Good Faith and Loyalty
### (Against the Individual Defendants)

36.    Plaintiff repeats and realleges all previous allegations as if set forth in full herein.

37.    The Individual Defendants have violated the fiduciary duties of care, good faith,

11

1   and loyalty they owe to the shareholders of Photon Dynamics.  The Individual Defendants'

2   negotiation of and agreement to the terms of the Sale Agreement demonstrate a clear absence of

3   the exercise of due care, good faith, and of loyalty to Photon Dynamics' public shareholders.

4        38.    In agreeing to the Sale Agreement, the Individual Defendants failed to adequately

5   inform themselves of Photon Dynamics' highest transactional value and failed to do so because of

6   their interest in quickly signing the Sale Agreement and thereby obtaining the improper personal

7   benefits they will receive thereunder.

8        39.    In addition, the $15.60 per share price to be paid to Photon Dynamics' public

9   shareholders is inadequately low given that (a) the intrinsic value of Photon Dynamics' common

10   stock is in excess of the $15.60 per share offered by Orbotech, giving due consideration to the

11   Company's prospects for growth and profitability in light of its business, earnings power, present

12   and future; and (b) it is not the result of an appropriate consideration of the value of Photon

13   Dynamics because the Individual Defendants approved the Sale Agreement  without undertaking

14   adequate steps to fairly and accurately ascertain Photon Dynamics' value.

15        40.    By reason of the foregoing, Plaintiff and each member of the Class are suffering

16   irreparable injury, including injury for which there is no adequate remedy at law.

17   <div align="center">**COUNT II**</div>

18   <div align="center">**Breach of Fiduciary Duty of Disclosure**</div>
<div align="center">**(Against All Defendants Except Orbotech)**</div>
19

20        41.    Plaintiff repeats all previous allegations as if set forth in full herein.

21        42.    The fiduciary duties of Defendants other than Orbotech require them to disclose to

22   Plaintiffs and the class all information material to the decisions confronting Photon Dynamics'

23   public shareholders with regard to their vote on the Sale Agreement.

24        43.    As set forth above, Defendants have breached their fiduciary duty through

25   materially inadequate disclosures and material omissions.

26        44.    By reason of the foregoing, Plaintiff and each member of the Class are suffering

27   irreparable injury, including injury for which there is no adequate remedy at law.

28

<div align="center">12</div>

<div align="center">COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE</div>

1

2

3

### COUNT III

**Aiding and Abetting
(Against Orbotech)**

4      45.     Plaintiff repeats all previous allegations as if set forth in full herein.

5      46.     The Individual Defendants owed Plaintiff and Photon Dynamics' other

6 shareholders duties of care, good faith and loyalty. As earlier alleged, the Individual Defendants

7 breached these fiduciary duties. Orbotech has aided and abetted the Individual Defendants in the

8 breaches of their fiduciary duties to Photon Dynamics' shareholders by, among other things,

9 (a) negotiating a sale of the Company to Orbotech with knowledge of the conflicts of interest and

10 the inadequate price the Individual Defendants have agreed to as a result of the same,

11 (b) requiring Photon Dynamics to pay it a substantial break-up fee if it accepts a superior

12 proposal, and (c) agreeing to indemnify the Individual Defendants for liability arising as a result

13 of their wrongful conduct as alleged herein. The payment of the break-up fee effectively serves

14 as a substantial deterrence to other prospective buyers since they would be saddled with the

15 burden of paying the termination fee. Further, the proposed sale of Photon Dynamics to Orbotech

16 could not take place without the knowing participation of Orbotech.

17      47.     By reason of the foregoing, Plaintiff and each member of the Class are suffering

18 irreparable injury.

### PRAYER

19

20      WHEREFORE, Plaintiff demands judgment as follows:

21      A.     Determine that this action is a proper class action, and that Plaintiff is a proper

22 class representative;

23      B.     Declare that Defendants have breached their fiduciary duties to Plaintiff and the

24 Class and/or aided and abetted such breaches;

25      C.     Enjoin the Sale Agreement and, if the Sale Agreement is consummated,

26 rescinding it;

27      D.     Require Defendants to make corrective and complete disclosures to Plaintiff and

28 the Class;

<div align="center">13</div>

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1     E.      Award Plaintiff and the Class compensatory and/or rescissory damages as allowed

2  by law;

3     F.      Award interest, attorney's fees, expert fees and other costs, in an amount to be

4  determined; and

5     G.     Grant such other relief as the Court may find just and proper.

6                        **DEMAND FOR JURY TRIAL**

7    Plaintiff hereby demands a trial by jury.

8  DATED: July 25, 2008             HULETT HARPER STEWART LLP

9                                  KIRK B. HULETT

10                               BLAKE MUIR HARPER

SARAH P. WEBER

11

12

13                           BLAKE MUIR HARPER

14                           550 West C Street, Suite 1600

San Diego, CA 92101

15                         Telephone:    (619) 338-1133

16                         Facsimile:     (619) 338-1139

17                         Attorneys for Plaintiff

18  Of Counsel:

19  THE BRUALDI LAW FIRM

RICHARD B. BRUALDI

20  GAITRI BOODHOO

AYESHA N. ONYEKWELU

21  29 Broadway, Suite 2400

New York, NY 10006

22  Telephone:    (212) 952-0602

Facsimile:     (212) 952-0608

23

24

25

26

27

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1  Neal A. Potischman (SBN 254862)
   Stephanie E. Lockwood (SBN 238215)
2  DAVIS POLK & WARDWELL
   1600 El Camino Real
3  Menlo Park, CA 94025
   Telephone: (650) 752-2000
4  Facsimile: (650) 752-2111

5  Attorneys for Defendants
   PHOTON DYNAMICS, INC.,
6  DR. MALCOLM J. THOMPSON,
   JEFFREY A. HAWTHORNE,
7  TERRY H. CARLITZ,
   DR. DONALD C. FRASER,
8  EDWARD ROGAS, JR., and
   CURTIS S. WOZNIAK
9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SANTA CLARA

12 CAPITAL PARTNERS, on Behalf of Itself    Case No.: 08-CV-118315
   and All Others Similarly Situated,
13                                          **NOTICE OF FILING OF NOTICE OF**
                  Plaintiff,                **REMOVAL TO THE UNITED**
14                                          **STATES DISTRICT COURT FOR**
             v.                             **THE NORTHERN DISTRICT OF**
15                                          **CALIFORNIA UNDER**
   DR. MALCOLM J. THOMPSON,                 **28 U.S.C. § 1441(a)**
16 JEFFREY A. HAWTHORNE, TERRY H.
   CARLITZ, DR. DONALD C. FRASER,
17 EDWARD ROGAS, JR., CURTIS S.
   WOZNIAK, PHOTON DYNAMICS,
18 INC., and ORBOTECH, LTD.,

19                Defendants.

20

21 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22        PLEASE TAKE NOTICE that on August 1, 2008, Photon Dynamics, Inc., Dr.

23 Malcolm J. Thompson, Jeffrey A. Hawthorne, Terry H. Carlitz, Dr. Donald C. Fraser,

24 Edward Rogas, Jr., and Curtis S. Wozniak, by and through their undersigned attorneys,

25 filed with the Clerk of the United States District Court for the Northern District of

26 California a Notice of Removal of the above-entitled Action to said Court from the

27

28

NOTICE OF REMOVAL TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1    Superior Court of the State of California, County of Santa Clara.  A copy of the Notice

2    of Removal, and exhibits thereto, are attached hereto as Exhibit 1.

3

4    Dated:  August 1, 2008                    Respectfully Submitted,

5                                             DAVIS POLK & WARDWELL

6

7                                   By: _____

8                                             Stephanie E. Lockwood (SBN 238215)
                                             Neal A. Potischman (SBN 254862)

9
                                             1600 El Camino Real
10                                           Menlo Park, California 94025
                                             Telephone:  (650) 752-2000
11                                           Facsimile:  (650) 752-2111

12                                           Attorneys for Defendants
13                                           PHOTON DYNAMICS, INC.,
                                             DR. MALCOLM J. THOMPSON,
14                                           JEFFREY A. HAWTHORNE,
                                             TERRY H. CARLITZ,
15                                           DR. DONALD C. FRASER,
                                             EDWARD ROGAS, JR., and
16                                           CURTIS S. WOZNIAK

17

18

19

20

21

22

23

24

25

26

27

28

1  Neal A. Potischman (SBN 254862)
    Stephanie E. Lockwood (SBN 238215)
2  DAVIS POLK & WARDWELL
    1600 El Camino Real
3  Menlo Park, California  94025
    Telephone:  (650) 752-2000
4  Facsimile:  (650) 752-2111
    E-mail:  neal.potischman@dpw.com
5           lockwood@dpw.com

6

7  Attorneys for Defendants
    PHOTON DYNAMICS, INC.,
    DR. MALCOLM J. THOMPSON,
8  JEFFREY A. HAWTHORNE,
    TERRY H. CARLITZ,
9  DR. DONALD C. FRASER,
    EDWARD ROGAS, JR., and
10  CURTIS S. WOZNIAK

11               UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                 SAN JOSE DIVISION

| | |
|---|---|
| 14  CAPITAL PARTNERS, on Behalf of Itself<br>and All Others Similarly Situated, | Case No.: |
| 15 | **NOTICE OF REMOVAL TO THE** |
| 16            Plaintiff, | **UNITED STATES DISTRICT**<br>**COURT FOR THE NORTHERN** |
| 17      v. | **DISTRICT OF CALIFORNIA**<br>**PURSUANT TO 28 U.S.C. § 1441(a)** |
| 18  DR. MALCOLM J. THOMPSON, JEFFREY<br>A. HAWTHORNE, TERRY H. CARLITZ, | [Santa Clara County Superior Court Case |
| 19  DR. DONALD C. FRASER, EDWARD<br>ROGAS, JR., CURTIS S. WOZNIAK, | No. 08-CV-118315] |
| 20  PHOTON DYNAMICS, INC. and<br>ORBOTECH, LTD., | |
| 21         Defendants. | |

22

23        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 & 1446, and the

24  Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 78bb(f)(1) &

25  (2), defendant Photon Dynamics, Inc. ("Photon Dynamics"), along with Dr. Malcolm J.

26  Thompson, Jeffrey A. Hawthorne, Terry H. Carlitz, Dr. Donald C. Fraser, Edward

27  Rogas, Jr., and Curtis S. Wozniak (the "Individual Defendants"), by their attorney,

28  Davis Polk & Wardwell, hereby notice the removal to this Court of Case No. 08-CV-

1   118315 from the Superior Court of the State of California for the County of Santa

2   Clara (the "California Superior Court") on the following grounds:

## BACKGROUND

4       1.      On July 25, 2008, plaintiff Capital Partners filed this Class Action

5   Complaint (the "Complaint") in the Superior Court of the State of California for the

6   County of Santa Clara, entitled *Capital Partners, et al. v. Thompson, et al.*, Case No.

7   08-CV-118315, seeking damages and equitable relief to prevent Orbotech, Ltd.'s

8   ("Orbotech") acquisition of Photon Dynamics (the "Acquisition"). A true and correct

9   copy of the Complaint served on Photon Dynamics and the Individual Defendants is

10  attached hereto as Exhibit A. The Complaint constitutes all process and pleadings

11  served upon defendants in this action to date.

12      2.      As a matter of substance, this action alleges that the Individual

13  Defendants breached their fiduciary duties of care, good faith, and loyalty to Photon

14  Dynamics' shareholders. *See* Complaint ¶ 37. Plaintiff further alleges that all

15  defendants except Orbotech breached their fiduciary duty "to disclose to plaintiff and

16  the class all information material to the decisions confronting Photon Dynamics' public

17  shareholders with regard to their vote" on the Acquisition (*id.* ¶ 42), and contend that

18  Orbotech aided and abetted the claimed breaches of fiduciary duty. *Id.* ¶ 46. Plaintiff

19  further asserts that Photon Dynamics' preliminary proxy statement regarding the

20  Acquisition, which was filed with the SEC but not distributed to shareholders, contains

21  "materially inadequate disclosures and materials omissions." *Id.* ¶¶ 35, 43; *see also id.*

22  ¶ 1 (alleging that the preliminary proxy "concealed material information"). Plaintiff

23  devotes a section of the Complaint to the allegedly "MATERIALLY MISLEADING

24  AND/OR INCOMPLETE PROXY." *Id.* ¶ 35. As a matter of form, Capital Partners

25  has framed its claims under state law, a strategy that, if successful, would among other

26  things avoid the heightened pleading requirements of the Private Securities Litigation

27  Reform Action of 1995 ("PSLRA"). In reality, the action is a preempted strike suit.

28

1    3.    Plaintiff served defendants Photon Dynamics, Dr. Malcolm J.

2    Thompson, Jeffrey A. Hawthorne, Terry H. Carlitz, Dr. Donald C. Fraser, Edward

3    Rogas, Jr., and Curtis S. Wozniak on July 29, 2008.  On information and belief, based

4    on conversations with counsel for Orbotech, plaintiff has not yet served Orbotech.

5                        **SUBJECT MATTER JURISDICTION**

6    4.    This is a civil action over which this Court has original jurisdiction

7    under 28 U.S.C. § 1331, and is one that may be removed to this Court by defendants

8    pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (b), in that the controversy is

9    founded on a claim arising under the Constitution, laws, or treaties of the United

10    States.

11                     **JURISDICTION UNDER 15 U.S.C. § 78bb**

12    5.    Removal to this Court is proper under SLUSA, which provides for the

13    removal of any "covered class action" brought under state law alleging a

14    misrepresentation or omission of a material fact in connection with the purchase or sale

15    of a "covered security." 15 U.S.C. § 78bb(f)(1).

16    6.    A "covered class action" under 15 U.S.C. § 78bb(f) is one in which

17    damages are sought on behalf of more than 50 persons.  Capital Partners seeks to

18    represent a class of "many hundreds, if not thousands" of members.  Complaint ¶ 21.

19    Specifically, it brings this action as a putative class action "on behalf of itself and all

20    other shareholders of the Company," who number far more than 50 people.  *Id.* ¶ 20.

21    7.    A "covered security" under 15 U.S.C. § 78bb(f) and 15 U.S.C. § 77r(b)

22    is one traded nationally and listed on a regulated exchange.  The common stock of

23    Photon Dynamics constitutes a "covered security" within the meaning of SLUSA

24    because it trades on the NASDAQ Global Market under the ticker symbol "PHTN."

25    8.    SLUSA specifically applies to suits based upon an alleged

26    "misrepresentation or omission of a material fact in connection with the purchase or

27    sale of a covered security." 15 U.S.C. § 78bb(f)(1).  The Complaint alleges that

28    defendants have made "materially inadequate disclosures" and "material omissions" in

1  connection with the Acquisition.  Complaint ¶¶ 35, 43.  SLUSA provides that

2  securities class action claims brought under state law, like those asserted in the

3  Complaint, are to be governed exclusively by federal law.  Thus, upon removal of this

4  "covered class action" to federal court, the action should be immediately dismissed as

5  preempted under SLUSA.  15 U.S.C. § 78bb(f)(1).

6        9.        SLUSA includes what is known as the "Delaware carve-out," which

7  preserves certain claims involving "any recommendation, position or other

8  communication with respect to the sale of securities of an issuer that . . . is made by or

9  on behalf of the issuer to holders of equity securities of the issuer; and . . . concerns

10  decisions of such equity holders with respect to voting their securities, acting in

11  response to a tender or exchange offer, or exercising dissenters' or appraisal rights."

12  15 U.S.C. § 78bb(f)(3).  This action, however, does not fall within SLUSA's exception

13  because, to date, there has been no "recommendation, position or other

14  communication" to shareholders regarding voting decisions.  The Complaint alleges

15  that on July 14, 2008, defendants "filed a Proxy Statement with the SEC and used the

16  SEC to distribute the Proxy Statement to shareholders via the Internet."  Complaint

17  ¶ 35.  Plaintiff then claims that the "Proxy Statement" filed with the SEC makes

18  misrepresentations and/or omits material information.  *Id.*  Plaintiff, however, is

19  mistaken.  On July 14, 2008, defendants filed a <u>preliminary</u> proxy statement as per

20  Securities and Exchange Act regulations.  17 CFR § 240.14a-6.  Here, the preliminary

21  proxy statement was not "distributed" to shareholders; rather, it was filed with the SEC

22  to allow for regulatory comments prior to finalization and transmission to all

23  shareholders.  Therefore, there was no "communication" to shareholders of the

24  preliminary proxy statement.  *See Klein v. Southwest Gas Corp.*, No. 99-1004-IEG

25  (CGA), 1999 WL 33944685, at *4 (S.D. Cal. Aug. 3, 1999) (noting that allegations

26  regarding material omission from a preliminary proxy statement submitted to the

27  Securities Exchange Commission created a federal question under SLUSA); *see also*

28  *Drulias v. Ade Corp.*, 06-11033-PBS, 2006 WL 1766502, at *2 (D. Mass. June 26,

1 | 2006) (finding SLUSA jurisdiction over state law breach of fiduciary duty claim based

2 | on preliminary proxy statement filed with SEC).

3 |      10.   Therefore, because this action is subject to SLUSA and falls outside of

4 | any statutory exception, this action is removable to federal court.

5 | **INTRADISTRICT ASSIGNMENT**

6 |      11. This action has been removed to the Northern District of California, San

7 | Jose Division, pursuant to Northern District Local Rule 3-2(c) and the Court's

8 | Assignment Plan, embodied in General Order ¶ 44 (D)(2)(5), which provides that

9 | venue for cases involving Securities Class Actions "shall be proper in any Courthouse

10 | in this District."

11 | **TIMING OF REMOVAL**

12 |      12.   This notice of removal is timely because it is filed well within the thirty

13 | (30) days after service of the Complaint on Photon Dynamics and the Individual

14 | Defendants, as required by 28 U.S.C. § 1446(b).

15 | **REMOVAL PROCEDURE**

16 |      13.   All served defendants in the Action consent to this removal.[1]

17 |      14.   Accordingly, all of the requirements of 28 U.S.C. § 1331 are met by this

18 | notice, and this Action may properly be removed to this Court pursuant to 28 U.S.C.

19 | § 1441(a).

20 |      15.   Defendants will properly serve written notice of the removal of this

21 | Action upon all adverse parties and will file such notice with the Clerk of the Superior

22 | Court of the State of California, County of Santa Clara, as required by 28 U.S.C.

23 | § 1446(d), substantially in the form annexed hereto as Exhibit B.

24 |      16.   Each of the served defendants in this action is represented by the

25 | undersigned counsel who certify, pursuant to Rule 11 of the Federal Rules of Civil

26 | Procedure, that the foregoing is true and correct.

27 |

28 |

---

[1] As noted above at paragraph 3, defendant Orbotech apparently has not been served and therefore its consent to removal is not required. Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial* § 2:977 (The Rutter Group 2008).

1    WHEREFORE, defendants remove the original action brought by plaintiff now

2   pending in the Superior Court for the County of Santa Clara from that state court to

3   this Court.

4

5   Dated:   August 1, 2008

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

DAVIS POLK & WARDWELL


By: _____

Stephanie E. Lockwood (SBN 238215)
Neal A. Potischman (SBN 254862)

1600 El Camino Real
Menlo Park, California 94025
Telephone:  (650) 752-2000
Facsimile: (650) 752-2111
E-mail: lockwood@dpw.com
            neal.potischman@dpw.com

Attorneys for Defendants
PHOTON DYNAMICS, INC.,
DR. MALCOLM J. THOMPSON,
JEFFREY A. HAWTHORNE,
TERRY H. CARLITZ, DR.
DONALD C. FRASER, EDWARD
ROGAS, JR., and CURTIS S.
WOZNIAK

✎ JS 44 (Rev. 12/07) (cand rev ~16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Capital Partners, on Behalf of Itself and All Others Similarly Situated | Dr. Malcolm J. Thompson, Jeffrey A. Hawthorne, Terry H. Carlitz, Dr. Donald C. Fraser, Edward J. Rogas, Jr., Curtis S. Wozniak, Photo Dynamics, Inc. |

ADR  C08 03688 RS

| (b) County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)  Santa Clara | County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY)  Santa Clara |
|---|---|
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

E-FILING

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Hulett Harper Stewart LLP  Kirk B. Hulett, SBN: 110726  550 West C. Street, Suite 1600  San Diego, CA. 92101 Telephone: 619-338-1133; Fax: 619-338-1139 | Neal A. Potischman, SBN: 254862  DAVIS POLK & WARDWELL  1600 El Camino Real, Menlo Park, CA 94025  Telephone: 650-752-2000; Fax: 650-720-2000 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities— | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities— | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus— | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1441 & 1445 and 15 U.S.C. Sections 78bb(f)(1)&(2)

Brief description of cause:
Sharehold class action challenging the sale of Photon Dynamics to Orbotech, Ltd.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE
August 1, 2008

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
                       Brief Description: Unauthorized reception of cable service

. VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.