Neal A. Potischman (SBN 254862)
Stephanie E. Lockwood (SBN 238215)
DAVIS POLK & WARDWELL
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
E-mail: neal.potischman@dpw.com
        stephanie.lockwood@dpw.com

Attorneys for Defendants
PHOTON DYNAMICS, INC.,
DR. MALCOLM J. THOMPSON,
JEFFREY A. HAWTHORNE,
TERRY H. CARLITZ,
DR. DONALD C. FRASER,
EDWARD ROGAS, JR., and
CURTIS S. WOZNIAK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL PARTNERS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DR. MALCOLM J. THOMPSON, JEFFREY A. HAWTHORNE, TERRY H. CARLITZ, DR. DONALD C. FRASER, EDWARD ROGAS, JR., CURTIS S. WOZNIAK, PHOTON DYNAMICS, INC. and ORBOTECH, LTD.,<br><br>Defendants. | Case No.: C08-03688 (RS)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties anticipate that discovery in this case will involve the disclosure of confidential information, and therefore agree to the following Stipulated Protective Order under Rule 26 of the Federal Rules of Civil Procedure.

1.     Designation of Confidential Material.

    (a)     <u>General</u>. Any documents, materials, tangible things, items, testimony or other information filed with the Court, or produced or provided by any party in connection with this litigation ("Producing Party" or "Designating Party") to another party ("Receiving Party"), may be

designated as "Confidential" or "Confidential – Attorneys' Eyes Only." All such information and material derived from it constitutes "Designated Material" under this Protective Order. As a general guideline, Designated Material shall be so designated for the purposes of avoiding invasion of privacy or protecting proprietary information, confidential business or financial information, trade secrets, personal or financial affairs. A Designating Party may designate information "Confidential – Attorneys' Eyes Only" when the information is particularly sensitive because it relates to trade secrets, technical information, technical practices or methods, present or future marketing plans, product data or projections, financial data, business strategy, or agreements and relationships with third parties.

      (b) <u>Designation Procedure</u>. A party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items or information, or portions thereof, at the time such information is disclosed, or when the party seeking protection becomes aware of the nature of the information disclosed and sought to be protected. Designation shall be made by marking or stamping the documents, materials, items or information "Confidential" or "Confidential – Attorneys' Eyes Only" on all pages (or, if applicable, paragraphs). In the case of information stored on electronic media, the items produced shall be marked or stamped on the media if possible. In the case of information produced for inspection, but not yet provided to the inspecting party, such information shall presumptively be deemed "Confidential – Attorneys' Eyes Only," regardless of whether so identified, until copies thereof are produced to the inspecting party.

      (c) <u>Designation Procedure For Deposition Testimony</u>. With respect to deposition testimony, the witness under deposition, or his/her counsel, or any counsel representing any person at the deposition, may designate such testimony as "Confidential" or "Confidential-Attorneys' Eyes Only" either on the record at the deposition or within thirty (30) days after the mailing of the deposition transcript by the court reporter. The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition. Until thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as "Confidential – Attorneys' Eyes Only."

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.: C08-03688 (RS)

2. <u>Use of Designated Material</u>. Absent a specific order by this Court, Designated Material shall be used by the persons or entities to whom such information is disclosed solely for purposes of this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order; except that nothing in this Protective Order shall preclude any party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "Confidential" or "Confidential – Attorneys' Eyes Only."

3. <u>Access to Material Designated "Confidential."</u> Material designated "Confidential" under this Protective Order, and copies, extracts, compilations, summaries and other materials that include or reflect such Designated Material, may be given, shown, made available, or communicated in any way only to:

   (a) outside litigation attorneys for the parties who are employed by the firms of record in this case, their staffs, and professional litigation support vendors the outside litigation attorneys retain;

   (b) qualified persons taking testimony involving "Confidential" information, and necessary stenographic and clerical personnel thereof;

   (c) independent consultants or experts and their staffs, pursuant to Paragraph 5 of this Protective Order;

   (d) the Court and its staff;

   (e) a party's in-house counsel;

   (f) witnesses or deponents (other than witnesses and deponents covered by (i) below), and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in this litigation;

   (g) the directors, officers, employees and general or limited partners of parties, or any subsidiary or affiliate thereof, who are assisting the parties in this litigation, or who appear as witnesses or deponents;

(h) any person indicated on the face of a document or by deposition testimony to be the author, addressee, or a copy recipient of the document; and

(i) any non-party witness if such person is employed by the same entity as a person indicated on the face of a document to be the author, addressee, or a copy recipient of the document.

4. <u>Access to Material Designated "Confidential – Attorneys' Eyes Only."</u> Material designated "Confidential – Attorneys' Eyes Only" under this Protective Order, and copies, extracts, compilations, summaries, and other materials that include or reflect such Designated Material, may be given, shown, made available, or communicated in any way only to:

(a) outside litigation attorneys for the parties who are employed by the firms of record in this case, their staffs, and professional litigation support vendors the outside litigation attorneys retain;

(b) qualified persons taking testimony involving "Confidential – Attorneys' Eyes Only" information, and necessary stenographic and clerical personnel thereof;

(c) independent consultants or experts and their staffs, pursuant to Paragraph 5 of this Protective Order;

(d) the Court and its staff;

(e) witnesses or deponents (other than witnesses and deponents covered by (g) below), and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in this litigation;

(f) any person indicated on the face of a document or by deposition testimony to be the author, addressee, or a copy recipient of the document; and

(g) any non-party witness if such person is employed by the same entity as a person indicated on the face of a document to be the author, addressee, or a copy recipient of the document.

5. <u>Clearance Procedure for Consultants and Experts</u>. Designated Material may be provided to an independent consultant or expert as described in Paragraph 3(c) and/or 4(c) only after a fully executed copy of the Acknowledgement attached hereto as Exhibit A has been completed by the consultant or expert. Counsel for the party retaining the independent consultant or expert shall maintain a copy of the Acknowledgment in their files until completion of this litigation, and provide a copy of the Acknowledgment to the Designating Party at that time.

6. <u>Treatment of Designated Material</u>. Copies of Designated Material may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation. Material designated "Confidential – Attorneys' Eyes Only" or copies thereof may not be stored or viewed at a non-designating party's business location, except to the extent provided in this Paragraph. Such information may be stored or viewed only at:

  (a) the physical offices of outside attorneys of record in this litigation, or of professional litigation support vendors retained by such attorneys;

  (b) the physical offices of consultants or experts under Paragraph 5 of this Protective Order;

  (c) the site where any deposition relating to the information is taken;

  (d) the Court; or

  (e) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition).

7. <u>Filing of Designated Material with the Court</u>. Where filed with the Court (as pleadings or evidence), Designated Material shall be delivered sealed to the Clerk of the Court and unless otherwise directed by the Court shall not be available to public inspection. Envelopes or containers used to seal such documents shall bear the notation, "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND IS BEING SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER" and shall state the party or person who designated any confidential information that the document contains. Where appropriate, the envelope or container shall bear the additional notation, "CONFIDENTIAL – ATTORNEYS' EYES ONLY." No such sealed

envelope or container shall be provided to any individual not otherwise permitted to view the relevant Designated Material under this Protective Order.

8. <u>Errors in Designation</u>. A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

9. <u>Improper Disclosure</u>. If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

10. <u>Objections to Designations</u>. If at any time during the pendency of this litigation any party claims that information is not appropriately designated (the "Objecting Party"), the Objecting Party may serve a captioned notice of objection on the Designating Party. Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in writing. If the Designating Party and the Objecting Party cannot resolve the dispute by informal conference, the Objecting Party may move for an order from the Court for re-designation within ten (10) calendar days from service of the Designating Party's written response. The original designation shall remain effective until three (3) days after the Court's entry of an order re-designating the materials. Nothing herein shall modify or change the burden of demonstrating that the information was properly designated as Confidential, or Confidential – Attorneys' Eyes Only, which shall remain at all times on the Producing Party.

11. <u>Use of Designated Material at Trial</u>. This Protective Order, insofar as it restricts the dissemination and use of Designated Material, shall not apply to the introduction of evidence at trial. However, any Party may seek appropriate court orders, including without limitation, an order that restricts the use of any material covered by this Protective Order during the trial, requests that portions of the transcript be sealed, or restricts access of the public to certain portions of the trial.

12. <u>Inadmissibility of Designation</u>. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential or a trade secret.

13. <u>Inadvertent Production</u>. Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product and no Producing Party shall be held to have waived any rights thereunder by inadvertent production. If a Producing Party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the Producing Party shall promptly give written notice to counsel for the Receiving Party. The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party. The Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

14. <u>Notification of Subpoena, Document Request, or Order in Other Litigation</u>. If a Receiving Party is served with a subpoena, document request, or order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party in writing immediately and in no event more than five (5) days after receiving the subpoena,

1  document request, or order. Such notification must include a copy of the subpoena, document
2  request, or order. The Designating Party shall bear the burden and expense of seeking to protect the
3  requested material from production in the other litigation. Nothing herein shall prohibit the
4  Receiving Party from complying with any Order or directive of a Court.

5       15.    <u>Final Disposition of Designated Material</u>. Upon termination of this litigation
6  following settlement or final judgment (including exhaustion of all appeals), the originals and all
7  copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to
8  its counsel, within ninety (90) days. However, attorneys of record may retain pleadings, attorney
9  and consultant work product, and depositions (with exhibits) for archival purposes. If Designated
10 Material is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a
11 certification identifying when and how the destruction was performed.

12      16.    <u>Survival</u>. The terms of this Protective Order shall survive termination of this
13 litigation.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.: C08-03688 (RS)

1  Assent to the entry of the foregoing Protective Order is hereby given by the parties by and
2  through their attorneys.

4  Dated: August 7, 2008                    DAVIS POLK & WARDWELL

                                            By: /s/ Neal Potischman
                                            Neal A. Potischman

                                            1600 El Camino Real
                                            Menlo Park, California 94025
                                            Telephone: (650) 752-2000
                                            Facsimile: (650) 752-2111
                                            Email: neal.potischman@dpw.com

                                            Attorneys for Defendants
                                            PHOTON DYNAMICS, INC., DR. MALCOLM J.
                                            THOMPSON, JEFFREY A. HAWTHORNE,
                                            TERRY H. CARLITZ, DR. DONALD C.
                                            FRASER, EDWARD ROGAS, JR., and CURTIS
                                            S. WOZNIAK

15 Dated: August 7, 2008                    HULETT HARPER STEWART LLP

                                            By: Kirk Hulett /NAP
                                            Kirk B. Hulett

                                            550 West C Street
                                            Suite 1600
                                            San Diego, CA 92101
                                            Telephone: (619) 338-1133
                                            Facsimile: (619) 338-1139
                                            Email: KBH@hulettharper.com

                                            Attorneys for Plaintiff
                                            CAPITAL PARTNERS

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: August ___, 2008                     _____
                                            RICHARD SEEBORG
                                            United States Magistrate Judge

9

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.: C08-03688 (RS)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CAPITAL PARTNERS, on Behalf of Itself and All Others Similarly Situated,

    Plaintiff,

v.

DR. MALCOLM J. THOMPSON, JEFFREY A. HAWTHORNE, TERRY H. CARLITZ, DR. DONALD C. FRASER, EDWARD ROGAS, JR., CURTIS S. WOZNIAK, PHOTON DYNAMICS, INC. and ORBOTECH, LTD.,

    Defendants.

Case No.: C08-03688 (RS)

## **ACKNOWLEDGEMENT**

I, _____, declare as follows:

1. My present employer is _____.

2. My business address is _____.

3. My occupation is _____.

4. I have reviewed a copy of the Protective Order in this action, and I understand and agree to be bound by its terms and provisions.

5. I will hold in confidence, will not disclose to anyone not qualified or cleared under the Protective Order, and will use only for approved purposes in this litigation, any "Confidential" or "Confidential – Attorneys' Eyes Only" information which is disclosed to me.

6. I will return all "Confidential" or "Confidential – Attorneys' Eyes Only" information which comes into my possession, and all documents or things that I prepare relating thereto, to outside litigation counsel for the party by whom I am employed or retained.

7. I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of the Protective Order in this litigation.

8. I declare under penalty of perjury under the laws of the United States of America

1 | that the foregoing is true and correct.

3 | DATED: _____

_____