
HULETT HARPER STEWART LLP
KIRK B. HULETT, SBN: 110726
BLAKE MUIR HARPER, SBN: 115756
SARAH P. WEBER, SBN: 239979
550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:    (619) 338-1133
Facsimile:    (619) 338-1139
e-mail: kbh@hulettharper.com
        bmh@hulettharper.com
        sweber@hulettharper.com

Attorneys for Plaintiff, Capital Partners
[Additional Counsel on Signature Page]

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| CAPITAL PARTNERS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DR. MALCOLM J. THOMPSON, JEFFREY A. HAWTHORNE, TERRY H. CARLITZ, DR. DONALD C. FRASER, EDWARD ROGAS, JR., CURTIS S. WOZNIAK, PHOTON DYNAMICS, INC. AND ORBOTECH, LTD.,<br><br>Defendants. | Case No. 08-03688RS<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE**<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

FIRST AMENDED COMPLAINT; Case No. 08-03688RS

Plaintiff, as and for its First Amended Class Action Complaint, alleges upon personal knowledge as to itself and its own acts, and upon information and belief derived from, *inter alia*, a review of documents filed with the Securities and Exchange Commission ("SEC") and publicly available news sources, such as newspaper articles, as to all other matters, as follows:[1]

## NATURE OF THE ACTION

1. This is a shareholder class action on behalf of Plaintiff and the other public stockholders of Photon Dynamics, Inc. ("Photon Dynamics" or the "Company") common stock against Photon Dynamics, Inc., the Company's directors and Orbotech, Ltd. It challenges the sale of Photon Dynamics to Orbotech, Ltd. and its wholly owned subsidiary, PDI Acquisition, Inc. (collectively "Orbotech") in a proposed transaction (the "Sale Agreement") which protects and advances the interests of Photon Dynamics' directors and Orbotech at the expense of Photon Dynamics' public shareholders and also challenges the Individual Defendants' efforts to conceal material information from Plaintiff and Photon Dynamics' other public shareholders in conjunction with the same. Specifically, as further alleged below, all of Photon Dynamics' directors will receive extensive personal compensation as a result of the Sale Agreement − compensation that they would not otherwise receive at this time absent the Sale Agreement. This conflict of interest caused these directors to be unable to fairly and thoroughly evaluate the Sale Agreement to ensure that it is in the best interest of Photon Dynamics and its public shareholders. Additionally, Photon Dynamics' directors caused Photon Dynamics to file a definitive proxy statement with the SEC on or about August 4, 2008 (and mail it to Photon Dynamics' shareholders on or about August 5, 2008) which concealed material information from Plaintiff and Photon Dynamics' other public shareholders (the "Proxy Statement").

## JURISDICTION

2. The Superior Court of California for the County of Santa Clara (the "Superior Court") has jurisdiction over the subject matter of this action pursuant to the California

---

[1] This action has been removed to the United States District Court by certain of the Defendants. Plaintiff is moving to remand dond by filing this amended complaint in no way consents to the jurisdiction of the District Court or concedes that removal was proper.

Constitution, Article VI, Section 10, because this case is an action not given by statute to other trial courts.

3. The Superior Court has jurisdiction over the Defendants in this action because Photon Dynamics is a California corporation headquartered in Santa Clara County, California and because the improper conduct alleged in this Complaint occurred in and/or was directed at Santa Clara County, California. Additionally, that Court has jurisdiction over each of the Defendants because their wrongful conduct challenged in this Complaint was directed at, and intended to have its primary effect in, Santa Clara County, California.

4. Venue lies in the Superior Court for Santa Clara County because Photon Dynamics' principal place of business is located in San Jose, California within Santa Clara County, and Defendants' wrongful acts occurred in substantial part in or were directed toward Santa Clara County.

5. This action challenges the internal affairs or governance of Photon Dynamics and hence is not removable to Federal Court under the Class Action Fairness Act of 2005 or the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f).

**THE PARTIES**

6. Plaintiff Capital Partners is the owner of shares of Photon Dynamics' common stock and has been the owner of such shares at all relevant times.

7. Defendant Photon Dynamics is a California corporation with executive offices located at 5970 Optical Court, San Jose, California 95138-1400. The Company is a global supplier utilizing advanced machine vision technology for liquid crystal display flat panel display test and repair systems and for digital imaging systems for defense, surveillance, industrial inspection and medical imaging applications.

8. Defendant Dr. Malcolm J. Thompson ("Thompson") has served as a director of the Company since 1992. Thompson has served as the Executive Chairman of Photon Dynamics from October 2003 until September 2005 and is now Chairman of the Company's Board of Directors. In connection with the Sale Agreement, Thompson (i) is expected to receive a cash payment of approximately $111,280.00 for the accelerated vesting of his unvested Photon

Dynamics stock options and restricted stock units and (ii) will be granted a right to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement. The Superior Court has jurisdiction over Thompson because Photon Dynamics is headquartered in California and many of Thompson's actions challenged in this Complaint occurred in substantial part, were directed at, and/or intended to have their primary effect in, California.

9. Defendant Jeffrey A. Hawthorne ("Hawthorne") has served as a director of the Company since December 2003. Hawthorne has also served as the Company's President and Chief Executive Officer since October 2003. From July 2003 to October 2003, Hawthorne was the Company's Chief Operating Officer. From November 2001 to July 2003, Hawthorne was the Company's Vice President and President of the Company's Image Processing Systems Division. Hawthorne joined the Company in 1991 and has held a series of other management positions including Vice President of Development from September 1994 to November 2001. In connection with the Sale Agreement, Hawthorne (i) is expected to receive a cash payment of $1,560,000.00 for the accelerated vesting of his unvested Photon Dynamics stock options and restricted stock units, (ii) is expected to receive a cash severance payment of $700,000.00, and (iii) will be granted a right to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement. The Superior Court has jurisdiction over Hawthorne because Photon Dynamics is headquartered in California and many of Hawthorne's actions challenged in this Complaint occurred in substantial part, were directed at, and/or intended to have their primary effect in, California.

10. Defendant Terry H. Carlitz ("Carlitz") has served as a director of the Company since December 2004. In connection with the Sale Agreement, Carlitz (i) is expected to receive a cash payment of approximately $111,280.00 for the accelerated vesting of her unvested Photon Dynamics stock options and restricted stock units and (ii) will be granted a right to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement. The Superior Court has jurisdiction over Carlitz because Photon Dynamics is headquartered in California and many of Carlitz's actions challenged in this Complaint occurred in substantial part, were directed at, and/or intended to have their primary effect in, California.

11. Defendant Dr. Donald C. Fraser ("Fraser") has served as a director of the Company since October 2007. In connection with the Sale Agreement, Fraser (i) is expected to receive a cash payment of approximately $155,818.00 for the accelerated vesting of his unvested Photon Dynamics stock options and restricted stock units and (ii) will be granted a right to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement. The Superior Court has jurisdiction over Fraser because Photon Dynamics is headquartered in California and many of Fraser's actions challenged in this Complaint occurred in substantial part, were directed at, and/or intended to have their primary effect in, California.

12. Defendant Edward Rogas, Jr. ("Rogas") has served as a director of the Company since October 2007. In connection with the Sale Agreement, Rogas (i) is expected to receive a cash payment of approximately $91,780.00 for the accelerated vesting of his unvested Photon Dynamics stock options and restricted stock units and (ii) will be granted a right to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement. The Superior Court has jurisdiction over Rogas because Photon Dynamics is headquartered in California and many of Rogas' actions challenged in this Complaint occurred in substantial part, were directed at, and/or intended to have their primary effect in, California.

13. Defendant Curtis S. Wozniak ("Wozniak") has served as a director of the Company since December 2004. In connection with the Sale Agreement, Wozniak (i) is expected to receive a cash payment of approximately $111,280.00 for the accelerated vesting of his unvested Photon Dynamics stock options and restricted stock units and (ii) will be granted a right to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement. The Superior Court has jurisdiction over Wozniak because Photon Dynamics is headquartered in California and many of Wozniak's actions challenged in this Complaint occurred in substantial part, were directed at, and/or intended to have their primary effect in, California.

14. Defendant Orbotech is a foreign corporation. Orbotech is principally engaged in the design, development, manufacture, marketing and service of yield-enhancing and production solutions for specialized applications in the supply chain of the electronics industry. The Superior

1  Court has jurisdiction over Orbotech because many of Orbotech's actions challenged in this
2  Complaint occurred in substantial part, were directed at, and/or intended to have its primary effect
3  in, California.

4      15.    The Defendants identified in paragraphs 8 through 13 collectively constitute the
5  entirety of the Company's board of directors.  These six individuals are hereinafter referred to
6  collectively as the "Individual Defendants."

## THE INDIVIDUAL DEFENDANTS' FIDUCIARY DUTIES

8      16.    Under applicable common law, the directors of a publicly held company such as
9  Photon Dynamics have fiduciary duties of care, loyalty, disclosure, good faith and fair dealing
10 and are liable to shareholders for breaches thereof.  They are required to exercise good faith and
11 subordinate their own selfish interests to those of the corporation where their interests conflict.
12 Where it appears that a director has obtained any personal profit from dealing with the
13 corporation, and the transaction is drawn into question as between him and the stockholders of the
14 corporation, the burden is upon the director or officer to show that the transaction has been fair,
15 open and in the utmost good faith.

16     17.    As alleged in detail below, Defendants have breached, and/or aided other
17 Defendants' breaches of, their fiduciary duties to Photon Dynamics' public shareholders by acting
18 to cause or facilitate the Sale Agreement because it is not in the best interests of those
19 shareholders, but is in the best interests of the Individual Defendants who will collectively receive
20 significant personal profits as a result of the Sale Agreement, which they would not otherwise
21 receive at this time.

22     18.    Because Defendants have knowingly or recklessly breached their fiduciary duties
23 in connection with the Sale Agreement, and/or are personally profiting from the same, the burden
24 of proving the inherent or entire fairness of the Sale Agreement, including all aspects of its
25 negotiation, structure, and terms, is borne by Defendants as a matter of law.

26     19.    Further, as alleged in detail *infra*, the Individual Defendants have breached their
27 fiduciary duty of disclosure in that on August 4, 2008, they filed the Proxy Statement with the
28 SEC (and mailed to the shareholders of Photon Dynamics on or about August 5, 2008 in

5

1  connection with seeking their vote on the Sale Agreement) but concealed certain material
2  information which a reasonable shareholder would find material in determining whether to vote
3  for the Sale Agreement.  Among other things, the Individual Defendants concealed the extent of
4  the conflicts of interest of their financial advisor including, *inter alia*, (i) information pertaining to
5  Credit Suisse Securities (USA) LLC's ("Credit Suisse") investments in Orbotech and/or its
6  affiliates and payments that Credit Suisse has received and/or expects to receive for services
7  rendered to Orbotech, and (ii) the percentage of Credit Suisse's fees which are contingent upon
8  the consummation of the Sale Agreement.

## CLASS ACTION ALLEGATIONS

10      20.    Plaintiff brings this action as a class action pursuant to California Code of Civil
11  Procedure § 382, or alternatively Fed. R. Civ. P. 23, on behalf of itself and all other shareholders
12  of the Company except the Defendants herein and any person(s), firm(s), trust(s), corporation(s),
13  or other entit(ies) related to or affiliated with them, who are or will be threatened with injury
14  arising from Defendants' actions, as more fully described herein (the "Class").

15      21.    The members of the Class are so numerous that joinder of all of them would be
16  impracticable.  While the exact number of Class members is unknown to Plaintiff, and can be
17  ascertained only through appropriate discovery, Plaintiff believes there are many hundreds, if not
18  thousands, of Class members.  Photon Dynamics had over 17 million shares of common stock
19  outstanding as of July 9, 2008.

20      22.    Plaintiff's claims are typical of the claims of the Class, since Plaintiff and the other
21  members of the Class have and will sustain harm arising out of Defendants' breaches of their
22  fiduciary duties.  Plaintiff does not have any interests that are adverse or antagonistic to those of
23  the Class.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is
24  committed to the vigorous prosecution of this action and has retained counsel competent and
25  experienced in this type of litigation.

26      23.    There are questions of law and fact common to the members of the Class that
27  predominate over any questions which, if they exist, may affect individual Class members.  The
28  predominant questions of law and fact include, among others, whether:

FIRST AMENDED COMPLAINT; Case No. 08-03688RS

  a. the Defendants have and are breaching their fiduciary duties to the detriment of Photon Dynamics shareholders;

  b. Plaintiff and the Class are entitled to an injunction and other equitable relief; and

  c. Plaintiff and the Class have been damaged and the extent to which they have sustained damages, and what is the proper measure of those damages.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Further, as individual damages may be relatively small for most members of the Class, the burden and expense of prosecuting litigation of this nature makes it unlikely that members of the Class would prosecute individual actions. Plaintiff anticipates no difficulty in the management of this action as a class action. Further, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying results, which may establish incompatible standards of conduct for Defendants.

## SUBSTANTIVE ALLEGATIONS

25. Discussions regarding a potential sale of Photon Dynamics to Orbotech began in August 2005, at which time the Company's shares were trading at the high $19.00 range. Following negotiations, the parties reached an understanding pursuant to which Orbotech would acquire Photon Dynamics at a value of $24.50 per share. However, several weeks later, Orbotech withdrew from that understanding.

26. In late 2006, Orbotech again proposed to acquire the Company at a price of $15.50 per share, however the Company's board rejected that proposal.

27. In March 2008, Orbotech again made an unsolicited proposal to acquire the Company at a price of $14.00 per share. The Company determined to engage in negotiations with Orbotech at that time and, to that end, retained Credit Suisse to serve at its financial advisor. During negotiations with Orbotech, Credit Suisse indicated that a price of "$16.50 to $17.00" was an appropriate basis to continue negotiations with Orbotech. However, days later, the Board lowered that price to $16.10 per share, then again to $15.80 per share.

28. On June 26, 2008, Orbotech and Photon Dynamics announced that they have signed a definitive agreement for Orbotech to acquire Photon Dynamics. Under the terms of the agreement, Orbotech will pay $15.60 per share in cash for all of the issued and outstanding shares of Photon Dynamics' common stock, making an aggregate merger consideration value for the transaction of approximately $290 million.

## CONFLICTS OF INTERESTS

**Each Member of Photon Dynamics' Board of Directors Has a Conflict of Interest with Regard to a Sale of the Company Because Each Will Receive Significant Payments that He/She Would Not Otherwise Receive at This Time Absent the Sale of the Company**

29. As set forth in the chart below, each member of Photon Dynamics' board of directors has a conflict of interest with regard to a sale of the Company because each will receive significant payments in the form of the accelerated vesting of unvested stock options and restricted share units (RSU) that they would not otherwise receive at this time absent the Sale of the Company.

| Director | # of Unvested Options | # of Unvested Restricted Share Units | Value of Accelerated Equity Awards |
|---|---|---|---|
| Dr. Malcolm J. Thompson | 7,500 | 4,167 | $111,280 |
| Ms. Terry H. Carlitz | 12,500 | 4,167 | $111,280 |
| Dr. Donald C. Fraser | 13,750 | 4,450 | $155,818 |
| Mr. Edward Rogas, Jr. | 17,500 | 2,917 | $91,780 |
| Mr. Curtis S. Wozniak | 12,500 | 4,167 | $111,280 |
| Mr. Jeffrey A. Hawthorne | 8,640 | 100,000 | $1,560,000 |

30. Further, Defendant Hawthorne, the Company's Chief Executive Officer and President will also receive a cash payment of $700,000 in change of control severance payments as a result of the sale of the Company.

31. In addition, under the terms of the Sale Agreement, all of the Company's stock options and RSUs, including those held by members of the Company's board of directors, will be assumed by Orbotech and converted into an option to purchase Orbotech shares. Thus, these directors will be able to share in Photon Dynamics' continued growth via Orbotech. The table below, which sets forth the number of RSUs and Stock Options held by each director, demonstrates that each director also held significantly more stock options and RSUs than Photon

8

Dynamics stock. Thus, the Individual Defendants' interests were clearly not aligned with the interest of Photon Dynamics' other public shareholders.

| Director | # of Photon Dynamics Shares | # of Restricted Share Units | # of Stock Options |
|---|---|---|---|
| Dr. Malcolm J. Thompson | 1,250 | 5,000 | 84,201 |
| Ms. Terry H. Carlitz | - | 5,000 | 50,000 |
| Dr. Donald C. Fraser | - | 4,550 | 13,750 |
| Mr. Edward Rogas, Jr. | 208 | 2,917 | 29,375 |
| Mr. Curtis S. Wozniak | - | 5000 | 50,000 |
| Mr. Jeffrey A. Hawthorne | 15,138 | 100,000 | 277,983 |

32. Finally, each of the Individual Defendants will be granted rights to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement (the "Effective Time") for six years after the Effective Time – thereby insulating them from all liability arising from this transaction.

33. Because of these financial and other incentives, each of the Individual Defendants has a conflict of interest in deciding whether Photon Dynamics should be sold at this time.

34. Moreover, the Individual Defendants retained Credit Suisse to serve as their financial advisor and render a fairness opinion on the consideration offered pursuant to the Sale Agreement. However they incentivized Credit Suisse to render a favorable fairness opinion by ensuring that a substantial majority of Credit Suisse's fee was payable only upon a consummation of the Sale Agreement.

**THE MATERIALLY MISLEADING AND/OR INCOMPLETE PROXY**

35. In addition, Defendants are breaching their fiduciary duties of full disclosure to Photon Dynamics' public shareholders in connection with the Sale Agreement. In this regard, on August 4, 2008, the Individual Defendants caused Photon Dynamics to file the Proxy Statement with the SEC and mail it to Photon Dynamics' public shareholder on or about August 5, 2008 in connection with seeking their vote on the Sale Agreement. However, the Proxy Statement is deficient in that it misrepresents and/or omits the following material information:

　　　　(i)　According to chart below extracted from the Proxy Statement (emphasis added) the projections for EBIT, Net Operating Profit

after Tax and Unlevered Free Cash Flow for CY 2010 are significantly lower than the comparable projections for CY 2008, 2008, 2011 and 2012. The Proxy Statement is deficient because it fails to explain the rationale for the significantly lower projections for 2010.

**PROJECTED FINANCIAL INFORMATION**
**(in millions)**

|  | Calendar Period | | | | |
| --- | --- | --- | --- | --- | --- |
|  | 2H-CY 2008 | CY 2009 | *CY 2010* | CY 2011 | CY 2012 |
| Total Revenue | $114 | $172 | *$130* | $152 | $183 |
| EBIT | $ 18 | $ 26 | *$ 4* | $ 14 | $ 26 |
| Net Operating Profit after Tax | $ 17 | $ 23 | *$ 4* | $ 12 | $ 24 |
| Unlevered Free Cash Flow [(1)] | $ 29 | $ 20 | *$ 2* | $ 13 | $ 23 |

Any discrepancy in the information utilized by the Company's financial advisor to render its fairness opinion is material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(ii) According to the Proxy Statement, in the ordinary course of business, Credit Suisse and its affiliates may acquire, hold or sell for its and its affiliates, own accounts and the accounts of customers, equity, debt and other securities of the Company and Orbotech, as well as provide investment banking and other financial services to such Companies. The Proxy Statement is deficient because it fails to disclose (a) the amount of the fees that Credit Suisse has received for work it has done for Orbotech and/or its affiliates, (b) any work, and the fees payable therefrom, that Credit Suisse expects to perform for Orbotech and/or its affiliates in the future, and (c) the extent of Credit Suisse's holdings in any equity, debt and/or other securities of Orbotech.

Information with regard to any conflict of interest that the Company's financial advisor may have is material to the Company's public shareholders in determining how much weight to place on its opinion and must therefore be disclosed.

(iii) According to the Proxy Statement, a substantial majority of Credit Suisse's $4.5 million fee is contingent upon the close of the Sale Agreement. The Proxy Statement is deficient because it fails to disclose the percentage of that fee which is contingent upon the close of the transaction.

Information with regard to any conflict of interest that the Company's financial advisor may have is material to the Company's public shareholders in determining how much weight to place on its opinion and must therefore be disclosed.

(iv)    According to the Proxy Statement, Credit Suisse indicated to Orbotech that a price range of $16.50 to $17.00 per share was an "appropriate basis to continue negotiations" regarding a sale of Photon Dynamics to Orbotech. The Proxy Statement is deficient because it fails to disclose the basis upon which Credit Suisse arrived at this price range.

This information is material to Photon Dynamics' public shareholders in determining the extent to which the Individual Defendants complied with their duties of loyalty and care to protect the best interests of the Company's public shareholders.

(v)    With regard to Credit Suisse's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose the methodology Credit Suisse used to arrive at (a) discount rates of 12.0% to 16.0% that it used for this analysis and (b) the after taxes multiples of 12.0x to 20.0x that it used for this analysis.

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(vi)    With regard to Credit Suisse's *Selected Companies Analysis*, the Proxy Statement is deficient because it fails to disclose (a) the criteria Credit Suisse used to select the Companies it reviewed for this analysis, and (b) the range of selected multiples that Credit Suisse derived from this analysis and applied to derive the implied estimated per share equity reference ranges.

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(vii)    With regard to Credit Suisse's *Selected Transactions Analysis*, the Proxy Statement is deficient because it fails to disclose (a) the criteria Credit Suisse used to select the transactions it reviewed for this analysis, and (b) the range of selected multiples that Credit Suisse derived from this analysis and applied to derive the implied estimated per share equity reference ranges.

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed. This information becomes particularly important in this context given Credit Suisse's admission that it accorded less weight to this analysis than to the other analysis "in light of the lack of direct comparability between the companies engaged in the selected transactions and the Company."

(viii) According to the Proxy Statement, Orbotech advised the Company that it would "agree to forego an employee-related closing condition in the merger agreement." The Proxy Statement is deficient because it fails to disclose what that condition is.

This information is material to Photon Dynamics' public shareholders in determining the extent to which the Individual Defendants complied with their duties of loyalty and care to protect the best interests of the Company's public shareholders.

## COUNT I

**Breach of Fiduciary Duties of Care, Good Faith and Loyalty Under California Law**
**(Against the Individual Defendants)**

36. Plaintiff repeats and realleges all previous allegations as if set forth in full herein.

37. The Individual Defendants have violated the fiduciary duties of care, good faith, and loyalty they owe to the shareholders of Photon Dynamics under California Law. The Individual Defendants' negotiation of and agreement to the terms of the Sale Agreement demonstrate a clear absence of the exercise of due care, good faith, and of loyalty to Photon Dynamics' public shareholders.

38. In agreeing to the Sale Agreement, the Individual Defendants failed to adequately inform themselves of Photon Dynamics' highest transactional value and failed to do so because of their interest in quickly signing the Sale Agreement and thereby obtaining the improper personal benefits they will receive thereunder.

39. In addition, the $15.60 per share price to be paid to Photon Dynamics' public shareholders is inadequately low given that (a) the intrinsic value of Photon Dynamics' common stock is in excess of the $15.60 per share offered by Orbotech, giving due consideration to the Company's prospects for growth and profitability in light of its business, earnings power, present and future; and (b) it is not the result of an appropriate consideration of the value of Photon Dynamics because the Individual Defendants approved the Sale Agreement without undertaking adequate steps to fairly and accurately ascertain Photon Dynamics' value.

40. By reason of the foregoing, Plaintiff and each member of the Class are suffering irreparable injury, including injury for which there is no adequate remedy at law.

## COUNT II

**Breach of Fiduciary Duty of Disclosure Under California Law**
**(Against All Defendants Except Orbotech)**

41. Plaintiff repeats all previous allegations as if set forth in full herein.

42. Under California Law, the fiduciary duties of Defendants other than Orbotech require them to disclose to Plaintiffs and the class all information material to the decisions confronting Photon Dynamics' public shareholders with regard to their vote on the Sale Agreement.

43. As set forth above, Defendants have breached their fiduciary duty through materially inadequate disclosures and material omissions.

44. By reason of the foregoing, Plaintiff and each member of the Class are suffering irreparable injury, including injury for which there is no adequate remedy at law.

## COUNT III

**Aiding and Abetting Under California Law**
**(Against Orbotech)**

45. Plaintiff repeats all previous allegations as if set forth in full herein.

46. The Individual Defendants owed Plaintiff and Photon Dynamics' other shareholders duties of care, good faith and loyalty under California Law. As earlier alleged, the Individual Defendants breached these fiduciary duties. Orbotech has aided and abetted the Individual Defendants in the breaches of their fiduciary duties to Photon Dynamics' shareholders by, among other things, (a) negotiating a sale of the Company to Orbotech with knowledge of the conflicts of interest and the inadequate price the Individual Defendants have agreed to as a result of the same, (b) requiring Photon Dynamics to pay it a substantial break-up fee if it accepts a superior proposal, and (c) agreeing to indemnify the Individual Defendants for liability arising as a result of their wrongful conduct as alleged herein. The payment of the break-up fee effectively serves as a substantial deterrence to other prospective buyers since they would be saddled with the burden of paying the termination fee. Further, the proposed sale of Photon Dynamics to Orbotech could not take place without the knowing participation of Orbotech.

47. By reason of the foregoing, Plaintiff and each member of the Class are suffering irreparable injury.

**PRAYER**

WHEREFORE, Plaintiff demands judgment as follows:

A. determining that this action is a proper class action, and that Plaintiff is a proper class representative;

B. declaring that Defendants have breached their fiduciary duties to Plaintiff and the Class and/or aided and abetted such breaches;

C. awarding Plaintiff and the Class compensatory and/or rescissory damages as allowed by law;

D. awarding interest, attorney's fees, expert fees and other costs, in an amount to be determined; and

E. granting such other relief as the Court may find just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: August 7, 2008        HULETT HARPER STEWART LLP
                             KIRK B. HULETT
                             BLAKE MUIR HARPER
                             SARAH P. WEBER


                              /s/ Sarah P. Weber
                             SARAH P. WEBER

                             550 West C Street, Suite 1600
                             San Diego, CA  92101
                             Telephone:    (619) 338-1133
                             Facsimile:    (619) 338-1139

                             Attorneys for Plaintiff, Capital Partners

14

FIRST AMENDED COMPLAINT; Case No. 08-03688RS

THE BRUALDI LAW FIRM, P.C.
RICHARD B. BRUALDI
GAITRI BOODHOO
SUE LEE
AYESHA N. ONYEKWELU
29 Broadway-24th Floor
New York, NY 10006
Telephone:   (212) 952-0602
Facsimile:   (212) 952-0608

Of Counsel for Plaintiff Capital Partners

15

FIRST AMENDED COMPLAINT; Case No. 08-03688RS