HULETT HARPER STEWART LLP
KIRK B. HULETT, SBN: 110726
BLAKE MUIR HARPER, SBN: 115756
SARAH P. WEBER, SBN: 239979
550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:     (619) 338-1133
Facsimile:     (619) 338-1139
e-mail: kbh@hulettharper.com
        bmh@hulettharper.com
        sweber@hulettharper.com

Attorneys for Plaintiff, Capital Partners
[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| CAPITAL PARTNERS, on Behalf of Itself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>DR. MALCOLM J. THOMPSON, JEFFREY A. HAWTHORNE, TERRY H. CARLITZ, DR. DONALD C. FRASER, EDWARD ROGAS, JR., CURTIS S. WOZNIAK, PHOTON DYNAMICS, INC. AND ORBOTECH, LTD.,<br><br>      Defendants. | Case No. 08-03688RS<br><br>**PLAINTIFF CAPITAL PARTNERS' NOTICE OF ITS EMERGENCY MOTION AND EMERGENCY MOTION TO REMAND, OR ALTERNATIVELY, TO SCHEDULE A HEARING FOR A MOTION FOR A PRELIMINARY INJUNCTION TO BE HELD ON OR BEFORE SEPTEMBER 5, 2008**<br><br>DATE:  TBD<br>TIME:  TBD<br>JUDGE: Magistrate Judge Richard Seeborg<br>DEPT:  Courtroom 4, 5th Floor |

1       **NOTICE OF MOTION AND MOTION**

2           TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3           PLEASE TAKE NOTICE that Plaintiff Capital Partners has moved the Court to promptly

4   remand this action or alternatively, to schedule a hearing for a motion for a preliminary injunction

5   to be heard on or before September 5, 2008.

6           This motion is based on this Notice of Motion and Motion, the Memorandum of Points

7   and Authorities set forth below and the Declaration of Sarah P. Weber, filed concurrently, and

8   such other written or oral argument as may be presented before this motion is taken under

9   submission by the Court.

10      **ISSUES TO BE DECIDED**

11      **(Local Rule 7-4(a)(3))**

12          1.      Should the Action be remanded to the Superior Court of California for Santa Clara

13  County?

14          2.      Should the Court schedule a hearing date for a preliminary injunction on or before

15  September 5, 2008 if it is unable to promptly remand this action?

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

2    **I.    INTRODUCTION**

3    Plaintiff Capital Partners, a shareholder of Photon Dynamics, Inc. ("Photon Dynamics")

4    (which is a California corporation headquartered in San Jose) brought the present action in the

5    Superior Court of California, Santa Clara County (the "State Court") on July 25, 2008,

6    challenging the pending acquisition of Photon Dynamics by Orbotech, Ltd. ("Orbotech") (the

7    "Sale Agreement").  Plaintiff asserts claims against Photon Dynamics and its directors for breach

8    of fiduciary duty under California law, and a claim against Orbotech for aiding and abetting those

9    breaches of fiduciary duties under California Law.[1]

10    On August 1, 2008, Plaintiff served and filed a motion in the State Court seeking (i) a

11    temporary restraining order enjoining the Defendants from consummating the Sale Agreement

12    and (ii) an order granting expedited discovery and scheduling a post-expedited discovery hearing

13    date on a motion for a preliminary injunction pending trial.

14    The same day, Defendants filed their notice of removal to this Court.

15    While Plaintiff and Defendants have subsequently reached an agreement providing that

16    the Sale Agreement will not close before September 5, 2008 and providing for consensual

17    expedited discovery, Plaintiff still needs to have a motion for a preliminary injunction heard and

18    decided prior to the September 5, 2008 date the sale of Photon Dynamics is now scheduled to

19    close in order for effective relief to be obtained.  Plaintiff thus asks this Court to promptly remand

20    this case so that such a motion may be considered and ruled on by the State Court on or before

21    September 5, or alternatively to schedule a date for a preliminary injunction motion to be heard

22    by this Court on or before September 5, 2008.

23    In this regard, the decision to remand should not be hard because, as will be shown, the

24    grounds upon which Defendants have purported to remove this action have been rejected in

25    thoughtful analytical opinions by each of the two published federal decisions to consider the same

26    issues.  *See Superior Partners v. Chang*, 471 F. Supp. 2d 750 (S.D. Tex. 2007) (conducting an

27 ─────────────────────

28    [1]    A copy of Plaintiff's original complaint is annexed as Exhibit 1 to the accompanying
Declaration of Sarah P. Weber, Esq. (the "Weber Decl.").

1  exhaustive analysis of the issues in an identical situation and remanding); *Greaves v. McAuley*,

2  264 F. Supp. 2d 1078 (N.D. Ga. 2003) (identical).

3  **II.    STATEMENT OF FACTS**

4          This is an action brought exclusively under California State law asserting breaches of

5  fiduciary duties by Photon Dynamics's directors in causing Photon Dynamics to enter into the

6  Sale Agreement and in failing to make full and adequate disclosure of material information

7  surrounding the Sale Agreement to Plaintiff and other Photon Dynamics shareholders.  A claim

8  for aiding and abetting these breaches of fiduciary duties is also being asserted against Orbotech.

9          Among other things, Plaintiff alleges that the Defendants failed to maximize shareholder

10 value in connection with the Sale Agreement.  In this regard, despite informing Orbotech that

11 they considered a price range of $16.50 to $17.00 per share as appropriate for the Company, the

12 Defendants quickly recanted and agreed to sell the Company for $15.60 per share.

13         Plaintiff also alleges that motivating the Defendants' actions is that a majority of Photon

14 Dynamics' senior officers and directors stand to receive significant payments in the form of the

15 accelerated vesting of unvested stock options and restricted share units (RSU) beyond what

16 Photon Dynamics's public shareholders will receive in connection with the Sale Agreement −

17 payments that they would not otherwise receive at this time absent the sale of the Company.  In

18 addition, under the terms of the Sale Agreement, all of the Company's stock options and RSUs,

19 including those held by members of the Company's board of directors, will be assumed by

20 Orbotech and converted into options to purchase Orbotech shares.   Thus, all of Photon

21 Dynamics's directors will be able to share in Photon Dynamics's continued growth via Orbotech

22 − an opportunity denied to Plaintiff and Photon Dynamics's other public shareholders.  Because

23 of these incentives, Plaintiff alleges that each member of Photon Dynamics's board of directors

24 had a conflict of interest in deciding on the sale of Photon Dynamics.

25         Plaintiff further alleges that the Individual Defendants retained Credit Suisse Securities

26 (USA) LLC ("Credit Suisse") to, among other things, provide a fairness opinion on the sale of the

27 Company to Orbotech despite Credit Suisse's apparent conflict of interest which derives from

28 Credit Suisse doing work for, and receiving payments from, Orbotech.  Further, the Individual

3

Defendants incentivized Credit Suisse to render a favorable fairness opinion by ensuring that the majority of Credit Suisse's $4.5 million fee was payable only upon a consummation of the Sale Agreement.

Finally, and most importantly for purposes of the need for a preliminary injunction hearing to be promptly scheduled and heard prior to September 5, Plaintiff alleges that Defendants violated their fiduciary duty of disclosure and their duties under California law by failing to disclose to shareholders certain material facts regarding Photon Dynamics's projected financial information, which information the Company's financial advisor, Credit Suisse, relied upon in formulating its fairness opinion; the conflicts of interests of Credit Suisse; and required details of the analyses done by Credit Suisse in conjunction with the fairness opinion it authored and which is presented for shareholders of Photon Dynamics to rely on.

All of the counts of Plaintiff's complaint, for breach of fiduciary duties and aiding and abetting of breach of fiduciary duties, arise exclusively under California law. Plaintiff does not allege any claim under federal law nor has it raised any federal issue nor does any federal issue need to be decided in order to establish Defendants' liability in this action.

## III.   **ARGUMENT**

### A.   **This Action Must Be Promptly Remanded Pursuant to 28 U.S.C. Section 1447(C) Because the Court Lacks Subject Matter Jurisdiction**

Plaintiff respectfully requests that the Court promptly remand this action to state court for lack of subject matter jurisdiction, and do so in time for the state court to schedule and hear a motion for a preliminary injunction on or before September 5, 2008. In this regard, 28 U.S.C. § 1447(c), which governs procedure after removal, provides that a district court is required to remand any action over which it has no subject matter jurisdiction at any time before final judgment. "In general, removal statutes are strictly construed against removal [and a] Defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability . . . [although] a Plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Serv. LP*, No. 08-55865, 2008 U.S. App. LEXIS 15115, at *6 (9th Cir. July 16, 2008) (citations omitted).

4

1    Defendants here assert that federal question jurisdiction has been conferred by the

2  Securities Litigation Uniform Standards Act, 15 U.S.C. § 78 bb(f) ("SLUSA").  As will be

3  shown, and as is discussed in the exhaustive analyses performed by the two published federal

4  court decisions to consider identical situations, this case falls within the "Delaware carve out" to

5  SLUSA, and there is no federal SLUSA jurisdiction here.

6    Specifically, SLUSA by its very terms, excludes actions such as the present one which

7  challenge the sale of one company to another and the communications to shareholders in

8  conjunction with the same.  This exclusion, known as the "Delaware carve-out" because it

9  reflects Congress' desire to let such claims be determined in the state courts (often the courts of

10 Delaware because of the large number of publicly traded companies incorporated there), applies

11 to class actions involving:

12    (I)     the purchase or sale of securities by the issuer or an affiliate of the issuer
              exclusively from or to holders of equity securities of the issuer; or
13
      (II)    any recommendation, position, or other communication with respect to the
14            sale of securities of an issuer that − −

15        (aa)    is made by or on behalf of the issuer or an affiliate of the issuer to
                  holders of equity securities of the issuer; and
16
          (bb)    concerns decisions of such equity holders with respect to voting
17        their securities, acting in response to a tender or exchange offer, or exercising
          dissenters' or appraisal rights.
18

19 15 U.S.C. § 78 bb(f)(3)(A)(ii).  Indeed, if the Court determines that the action may be maintained

20 in state Court pursuant to this section, SLUSA requires that the action be remanded.  15 U.S.C. §

21 78 bb(f)(3)(D).

22    Not only is this statutory language abundantly clear, but as noted, the two published

23 federal Court decisions to consider the issue have held, pursuant to detailed and exhaustive

24 analyses, that claims such as those asserted by Plaintiff in this action are subject to remand.  *See*

25 *Superior Partners v. Chang*, 471 F. Supp. 2d 750 (S.D. Tex. 2007) (in case identical in all

26 respects, the Court determined that Plaintiff's claims were preserved by the Delaware carve-out

27 exception and granted Plaintiff's emergency motion to remand); *Greaves v. McAuley*, 264

28 F. Supp. 2d 1078 (N.D. Ga. 2003) (same).

PLTF'S EMERGENCY MOT TO REMAND; Case No. 08-03688RS

1   Also on point is *Alessi v. Beracha*, 244 F. Supp. 2d 354 (D. Del. 2003) which also

2   involved failure to disclose claims where a Defendant corporation was purchased by another

3   company.  In ruling on Plaintiff's motion to remand, the Court determined that *the Delaware*

4   *carve-out exception applied since "the gravamen of the plaintiff's complaint [was] the breach of*

5   *Defendants' duty of disclosure*."  *Id.* at 359 (emphasis added).  The court also concluded that such

6   action is "exactly the type of action Congress intended to exempt from the preemption provisions

7   of SLUSA" and cited to the legislative history from the Senate Banking Committee discussing the

8   Delaware carve-out exceptions, which it found instructive:

9
10  > The SEC, as well as other commentators, also noted *the need to exempt from the legislation shareholder-initiated litigation based on breach of fiduciary duty of disclosure, in connection with certain corporate action, that is found in the law of some states*, most notably Delaware.

11
12  > *The Committee is keenly aware of the importance of state corporate law, specifically those states that have laws that establish a fiduciary duty of disclosure. It is not the intent of the Committee in adopting this legislation to interfere with state law regarding the duties and performance of an issuer's directors or officers in connection with a purchase or sale of securities by the issuer or an affiliate from current shareholders or communicating with existing shareholders with respect to voting their shares*, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.
13
14
15
16

17  *Id.  See also Derdiger v. Tallman*, 75 F. Supp. 2d 322, 325 (D. Del. 1999) (holding that the action

18  fell within the scope of § 78bb(f)(3)(A)(ii) and therefore had to be remanded pursuant to

19  § 78bb(f)(3)(D) because it involved communications over the sale of securities to stockholders in

20  connection with the vote on the merger agreement); *Cape Ann Investors LLC v. Lepone*, 296

21  F. Supp. 2d 4, 13 (D. Mass. 2003) (noting that the "Delaware carve-out" exception, requires that

22  certain qualifying state actions be remanded in their entirety); *Gibson v. PS Group Holdings, Inc.*,

23  No. 00-cv-0372W(RBB), 2000 U.S. Dist. LEXIS 3158 (S.D. Cal. Mar. 8, 2000) (holding that the

24  provisions of the "Delaware carve-out" specifically exempted Plaintiffs' breach of fiduciary duty

25  claims brought under the state law of incorporation).

26  Here, Plaintiff's Complaint alleges exactly the kind of claims that are preserved under the

27  Delaware carve-out exception, and therefore fulfills the requirements for remand as set forth in 15

28

6

1   U.S.C. § 78 bb(f)(3)(A)(ii).[2]

2       **B.      This Action Must Also Be Remanded as to Defendant Orbotech**

3          Nor can there be any argument that because this action also asserts an aiding and abetting

4   claim against Orbotech that the "Delaware carve-out" does not apply.  *See Superior Partners*, 471

5   F. Supp. 2d at 756-58 (extensively analyzing this issue and concluding that the Delaware carve-

6   out continued to apply in such a situation).    Similarly, in *Greaves*, the action was based on a

7   proposed merger in which the Plaintiff alleged that the buyer (Equity) of the company in which

8   he owned stock (IRT), had aided and abetted the breaches of fiduciary duty.  264 F. Supp. 2d

9   1078.   Although the court found that the necessary elements of the Delaware carve-out were

10  unsatisfied as to the specific claims against Equity, the court nevertheless remanded as to Equity

11  because, "the legislation addresses 'actions' as a whole, and requires that 'covered class actions'

12  rise and fall collectively."  *Id.* at 1086.  Thus, among other reasons, even though the claim against

---

13  [2]  Plaintiff acknowledges that its original complaint was based on a preliminary proxy filed with

14  the SEC but not mailed to shareholders, and further acknowledges that one unpublished decision
    has held that there is a "colorable argument" that the "Delaware carve-out" does not apply to

15  claims based on a preliminary proxy because unlike the definitive proxy it is not mailed to
    shareholders (although it is made publicly available to them on the SEC's EDGAR website).  *See*

16  *Drulias v. ADE Corp.*, Civil Action No. 06-11033-PBS, 2006 U.S. Dist. LEXIS 43285, at *5 (D.

17  Mass. June 26, 2006).  However, the *Drulias* decision was roundly criticized by the *Superior
    Partners* case which found, among other things, that it failed to take into account the realities of

18  the Internet age, and that distribution over the Internet was just as much a distribution to
    shareholders as a mailing.  *See Superior Partners*, 471 F. Supp. 2d at 754-55.

19
    Moreover, even if *Drulias* were given effect (which it should not be), Photon Dynamics's

20  definitive proxy (which supplanted the preliminary proxy and which was in fact mailed to
    shareholders) was released and mailed on August 4, 2008 and Plaintiff is simultaneously filing an

21  amended complaint basing its claims on this definitive proxy, making clear that even under the
    *Drulias* court's analysis SLUSA removal is not appropriate.  A copy of the amended complaint is

22  annexed as Exhibit 2 to the Weber Decl.  In this regard, the Ninth Circuit has indicated that when
    a Plaintiff amends its complaint for a legitimate purpose after removal (such as a definitive proxy

23  supplanting a preliminary one) it can be a proper ground for a remand to state court.  *Williams v.*

24  *Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (*per curiam*) ("Any post-removal
    pleadings must be treated just as they would be in a case originally filed in federal court. . . .

25  Dismissal of the federal claim would thus, ordinarily, have authorized the district court to remand
    the pendent state law claims.").    *See also Doerrler v. Oakland/Alameda County Coliseum*

26  *Complex, Inc.*, No. C-99-4422MJJ, 2000 U.S. Dist. LEXIS 10857, at *7 (N.D. Cal. July 18, 2000)

27  ("In the instant case, Plaintiff has abandoned the only claim conferring subject matter jurisdiction
    on this Court.   Having not decided any motions in this action other than those related to

28  jurisdiction, the Court finds remand appropriate here").

1  Equity was neither a claim against the issuer of the stock in question, nor any of its affiliates, the

2  court still held that:

3      Because the claims against IRT are preserved by the Delaware carve-out, the *court*
        *must remand the entire cause of action*, including the unjust enrichment claim

4      against Equity, to Cobb County Superior Court. 15 U.S.C. § 77p(d)(4).

5  *Id.* at 1086 (emphasis added.).

6      Defendant Orbotech is in the same position here as was Equity in *Greaves*.  For the

7  reasons expressed in both *Superior Partners* and *Greaves*, Defendant Orbotech also falls within

8  the SLUSA exemption and thus this entire action, with all the named Defendants, should be

9  remanded to the State Court.

10      **C.      Alternatively, the Court Should Schedule a Preliminary Injunction Hearing
                 on or Before September 5, 2008**

11

12      Alternatively, if the Court is unable to promptly remand this action, Plaintiff requests that

13  it schedule a hearing date to hear a preliminary injunction motion on or before September 5,

14  2008.

15      As discussed supra, the Defendants have indicated that they intend to consummate the sale

16  of Photon Dynamics to Orbotech as soon as September 5, 2008.  In such circumstances, a

17  preliminary injunction prior to the sale being consummated is the appropriate remedy.  *See ODS*

18  *Techs. L.P. v. Marshall*, 832 A.2d 1254, 1262, 1263 (Del. Ch. 1993) ("'It is appropriate for the

19  court to address material disclosure problems through the issuance of a preliminary injunction

20  that persists until the problems are corrected.'") (citations omitted); *Lichtenberg v. Besicorp*

21  *Group Inc.*, 43 F. Supp. 2d 376, 391 (S.D.N.Y. 1999) (finding misleading statements in proxy to

22  cause irreparable harm because "'[f]air corporate suffrage is an important right that should attach

23  to every equity security bought on a public exchange'" and this includes the "right to be free from

24  deceptive proxy solicitations"); *Pridgen v. Andresen*, Civ. 3:94CV851(AVC), 1994 U.S. Dist.

25  LEXIS 21383, at *14 (D. Conn. June 13, 1994) (finding "irreparable harm if the special

26  shareholders meeting is not enjoined [as] the shareholders of a corporation have a right to a full

27  and accurate disclosure of the facts"); *In re Netsmart Tech., Inc. S'holders Litig.*, 924 A.2d 171,

28  207-08 (Del. Ch. 2007) (granting preliminary injunction where inadequate disclosures alleged).

8

1    **IV.    <u>CONCLUSION</u>**

2          For all of the foregoing reasons, Plaintiff respectfully requests that the Court remand this

3    action to the State Court on an expedited basis so that the state court may schedule and hear a

4    motion for a preliminary injunction on or before September 5, 2008.  Alternatively, Plaintiff asks

5    that this Court schedule a hearing for a preliminary injunction to occur on or before September 5,

6    2008 while it considers Plaintiff's motion to remand.

7                                   Respectfully Submitted,

8    DATED: August 7, 2008                 HULETT HARPER STEWART LLP
                                         KIRK B. HULETT
9                                       BLAKE MUIR HARPER
10                                      SARAH P. WEBER

11                                 */s/ Sarah P. Weber*
                                         SARAH P. WEBER
12

13                                      550 West C Street, Suite 1600
                                         San Diego, CA  92101
14                                      Telephone:    (619) 338-1133
                                         Facsimile:    (619) 338-1139
15

16                                      Attorneys for Plaintiff, Capital Partners

17   THE BRUALDI LAW FIRM, P.C.
      RICHARD B. BRUALDI
18   GAITRI BOODHOO
      SUE LEE
19   AYESHA N. ONYEKWELU
      29 Broadway-24th Floor
20   New York, NY 10006
      Telephone:    (212) 952-0602
21   Facsimile:    (212) 952-0608
22
      Of Counsel for Plaintiff Capital Partners
23

24

25

26

27

28

                                        9

1   HULETT HARPER STEWART LLP
    KIRK B. HULETT, SBN: 110726
2   BLAKE MUIR HARPER, SBN: 115756
    SARAH P. WEBER, SBN: 239979
3   550 West C Street, Suite 1600
    San Diego, CA 92101
4   Telephone:     (619) 338-1133
    Facsimile:     (619) 338-1139
5   e-mail: kbh@hulettharper.com
           bmh@hulettharper.com
6          sweber@hulettharper.com
7
8   Attorneys for Plaintiff, Capital Partners
    [Additional Counsel on Signature Page]
9

## IN THE UNITED STATES DISTRICT COURT

10

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

11

| | |
|---|---|
| 12  CAPITAL PARTNERS, on Behalf of Itself and All Others Similarly Situated, | Case No. 08-03688RS |
| 13                          Plaintiff, | **DECLARATION OF SARAH P. WEBER IN SUPPORT OF PLAINTIFF CAPITAL** |
| 14  v. | **PARTNERS' EMERGENCY MOTION TO REMAND, OR ALTERNATIVELY, TO** |
| 15  DR. MALCOLM J. THOMPSON, JEFFREY A. HAWTHORNE, TERRY H. CARLITZ, | **SCHEDULE A HEARING FOR A MOTION FOR A PRELIMINARY** |
| 16  DR. DONALD C. FRASER, EDWARD ROGAS, JR., CURTIS S. WOZNIAK, | **INJUNCTION TO BE HELD ON OR BEFORE SEPTEMBER 5, 2008** |
| 17  PHOTON DYNAMICS, INC. AND ORBOTECH, LTD., | |
| 18 | DATE:        TBD |
| 19                          Defendants. | TIME:        TBD<br>JUDGE:     Magistrate Judge Richard Seeborg |
| 20 | DEPT:       Courtroom 4, 5th Floor |

21

22

23

24

25

26

27

28

DECL OF S.P. WEBER IN SUPP OF PLTF'S MOT TO REMAND; Case No. 08-03688RS

1          I, SARAH P. WEBER, declare and say:

2          1.     I am an associate with the law firm of Hulett Harper Stewart LLP and am admitted

3    to practice before this Court.  I have personal knowledge of the facts stated below.

4          2.     I am one of the counsel for Plaintiff in the above captioned action and submit this

5    declaration in support of the accompanying emergency motion to remand, or alternatively, to

6    schedule a hearing for a motion for a preliminary injunction to be held on or before September 5,

7    2008.

8          3.     Attached hereto are true and correct copies of the following documents:

9          Exhibit 1:  Plaintiff's Original Complaint.

10         Exhibit 2: Plaintiff's First Amended Complaint for Breach of Fiduciary Duty and

11         Failure to Disclose.

12         I declare under penalty of perjury under the laws of the United States of America that the

13   foregoing is true and correct.  Executed this 7th day of August, 2008, in San Diego, California.

14

15         _/s/ Sarah P. Weber_____

16         SARAH P. WEBER

17

18

19

20

21

22

23

24

25

26

27

28

      1

1  HULETT HARPER STEWART LLP
   KIRK B. HULETT, SBN: 110726
2  BLAKE MUIR HARPER, SBN: 115756
   SARAH P. WEBER, SBN: 239979
3  550 West C Street, Suite 1600
   San Diego, CA 92101
4  Telephone:    (619) 338-1133
   Facsimile:    (619) 338-1139
5

6  Attorneys for Plaintiff

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SANTA CLARA

10 CAPITAL PARTNERS, on Behalf of Itself        CASE NO.
   and All Others Similarly Situated,
11                                               COMPLAINT FOR BREACH OF
12                      Plaintiff,               FIDUCIARY DUTY AND FAILURE TO
                                                 DISCLOSE
   v.
13
   DR. MALCOLM J. THOMPSON,
14 JEFFREY A. HAWTHORNE, TERRY H.
   CARLITZ, DR. DONALD C. FRASER,
15 EDWARD ROGAS, JR., CURTIS S.
   WOZNIAK, PHOTON DYNAMICS, INC.
16 AND ORBOTECH, LTD.,

17                                               **JURY TRIAL DEMANDED**

18                     Defendants.

19

20

21

22

23

24

25

26

27

28

   ENDORSED

   2008 JUL 25 P 3: 44

   David H. Yamasaki, Chief Exec. Officer/Clerk
   County of Santa Clara Superior Court
   By_____



COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1          Plaintiff, as and for its Class Action Complaint, alleges upon personal knowledge as to

2    itself and its own acts, and upon information and belief derived from, *inter alia*, a review of

3    documents filed with the Securities and Exchange Commission ("SEC") and publicly available

4    news sources, such as newspaper articles, as to all other matters, as follows:

5                        **NATURE OF THE ACTION**

6          1.    This is a shareholder class action on behalf of Plaintiff and the other public

7    stockholders of Photon Dynamics, Inc. ("Photon Dynamics" or the "Company") common stock

8    against Photon Dynamics, Inc., the Company's directors and Orbotech, Ltd.  It challenges the sale

9    of Photon Dynamics to Orbotech, Ltd. and its wholly owned subsidiary, PDI Acquisition, Inc.

10   (collectively "Orbotech") in a proposed transaction (the "Sale Agreement") which protects and

11   advances the interests of Photon Dynamics' directors and Orbotech at the expense of Photon

12   Dynamics' public shareholders and also challenges the Individual Defendants' efforts to conceal

13   material information from Plaintiff and Photon Dynamics' other public shareholders in

14   conjunction with the same.  Specifically, as further alleged below, all of Photon Dynamics'

15   directors will receive extensive personal compensation as a result of the Sale Agreement –

16   compensation that they would not otherwise receive at this time absent the Sale Agreement.  This

17   conflict of interest caused these directors to be unable to fairly and thoroughly evaluate the Sale

18   Agreement to ensure that it is in the best interest of Photon Dynamics and its public shareholders.

19   Additionally, Photon Dynamics' directors caused Photon Dynamics to file a proxy statement with

20   the SEC on or about July 14, 2008 (and, through the SEC, distribute to Photon Dynamics'

21   shareholders over the Internet) which concealed material information from Plaintiff and Photon

22   Dynamics' other public shareholders (the "Proxy Statement").

23                         **JURISDICTION**

24         2.    This Court has jurisdiction over the subject matter of this action pursuant to the

25   California Constitution, Article VI, Section 10, because this case is an action not given by statute

26   to other trial courts.

27         3.    This Court has jurisdiction over the Defendants in this action because Photon

28   Dynamics is a California corporation headquartered in this County and State and because the

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1 improper conduct alleged in this Complaint occurred in and/or was directed at this County or

2 State. Additionally, this Court has jurisdiction over each of the Defendants because their

3 wrongful conduct challenged in this Complaint was directed at, and intended to have its primary

4 effect in, this County and State.

5       4. Venue lies in this Court because Photon Dynamics' principal place of business is

6 located in San Jose, California within Santa Clara County, and Defendants' wrongful acts

7 occurred in substantial part in or were directed toward Santa Clara County.

8       5. This action challenges the internal affairs or governance of Photon Dynamics and

9 hence is not removable to Federal Court under the Class Action Fairness Act of 2005 or the

10 Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f).

11 **THE PARTIES**

12       6. Plaintiff Capital Partners is the owner of shares of Photon Dynamics' common

13 stock and has been the owner of such shares at all relevant times.

14       7. Defendant Photon Dynamics is a California corporation with executive offices

15 located at 5970 Optical Court, San Jose, California 95138-1400. The Company is a global

16 supplier utilizing advanced machine vision technology for liquid crystal display flat panel display

17 test and repair systems and for digital imaging systems for defense, surveillance, industrial

18 inspection and medical imaging applications.

19       8. Defendant Dr. Malcolm J. Thompson ("Thompson") has served as a director of the

20 Company since 1992. Thompson has served as the Executive Chairman of Photon Dynamics

21 from October 2003 until September 2005 and is now Chairman of the Company's Board of

22 Directors. In connection with the Sale Agreement, Thompson (i) is expected to receive a cash

23 payment of approximately $111,280.00 for the accelerated vesting of his unvested Photon

24 Dynamics stock options and restricted stock units and (ii) will be granted a right to

25 indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

26 This Court has jurisdiction over Thompson because Photon Dynamics is headquartered in

27 California and many of Thompson's actions challenged in this Complaint occurred in substantial

28 part, were directed at, and/or intended to have their primary effect in, this State.

2

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1    9.    Defendant Jeffrey A. Hawthorne ("Hawthorne") has served as a director of the

2    Company since December 2003.  Hawthorne has also served as the Company's President and

3    Chief Executive Officer since October 2003.  From July 2003 to October 2003, Hawthorne was

4    the Company's Chief Operating Officer.  From November 2001 to July 2003, Hawthorne was the

5    Company's Vice President and President of the Company's Image Processing Systems Division.

6    Hawthorne joined the Company in 1991 and has held a series of other management positions

7    including Vice President of Development from September 1994 to November 2001.    In

8    connection with the Sale Agreement, Hawthorne (i) is expected to receive a cash payment of

9    $1,560,000.00 for the accelerated vesting of his unvested Photon Dynamics stock options and

10   restricted stock units, (ii) is expected to receive a cash severance payment of $700,000.00, and

11   (iii) will be granted a right to indemnification for acts or omissions occurring prior to the

12   consummation of the Sale Agreement.    This Court has jurisdiction over Hawthorne because

13   Photon Dynamics is headquartered in California and many of Hawthorne's actions challenged in

14   this Complaint occurred in substantial part, were directed at, and/or intended to have their

15   primary effect in, this State.

16   10.    Defendant Terry H. Carlitz ("Carlitz") has served as a director of the Company

17   since December 2004.  In connection with the Sale Agreement, Carlitz (i) is expected to receive a

18   cash payment of approximately $111,280.00 for the accelerated vesting of her unvested Photon

19   Dynamics stock options and restricted stock units and (ii) will be granted a right to

20   indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

21   This Court has jurisdiction over Carlitz because Photon Dynamics is headquartered in California

22   and many of Carlitz's actions challenged in this Complaint occurred in substantial part, were

23   directed at, and/or intended to have their primary effect in, this State.

24   11.    Defendant Dr. Donald C. Fraser ("Fraser") has served as a director of the

25   Company since October 2007.  In connection with the Sale Agreement, Fraser (i) is expected to

26   receive a cash payment of approximately $155,818.00 for the accelerated vesting of his unvested

27   Photon Dynamics stock options and restricted stock units and (ii) will be granted a right to

28   indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

3

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1   This Court has jurisdiction over Fraser because Photon Dynamics is headquartered in California

2   and many of Fraser's actions challenged in this Complaint occurred in substantial part, were

3   directed at, and/or intended to have their primary effect in, this State.

4       12.    Defendant Edward Rogas, Jr. ("Rogas") has served as a director of the Company

5   since October 2007.  In connection with the Sale Agreement, Rogas (i) is expected to receive a

6   cash payment of approximately $91,780.00 for the accelerated vesting of his unvested Photon

7   Dynamics stock options and restricted stock units and (ii) will be granted a right to

8   indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

9   This Court has jurisdiction over Rogas because Photon Dynamics is headquartered in California

10  and many of Rogas' actions challenged in this Complaint occurred in substantial part, were

11  directed at, and/or intended to have their primary effect in, this State.

12      13.    Defendant Curtis S. Wozniak ("Wozniak") has served as a director of the

13  Company since December 2004.  In connection with the Sale Agreement, Wozniak (i) is expected

14  to receive a cash payment of approximately $111,280.00 for the accelerated vesting of his

15  unvested Photon Dynamics stock options and restricted stock units and (ii) will be granted a right

16  to indemnification for acts or omissions occurring prior to the consummation of the Sale

17  Agreement.   This Court has jurisdiction over Wozniak because Photon Dynamics is

18  headquartered in California and many of Wozniak's actions challenged in this Complaint

19  occurred in substantial part, were directed at, and/or intended to have their primary effect in, this

20  State.

21      14.    Defendant Orbotech is a foreign corporation.  Orbotech is principally engaged in

22  the design, development, manufacture, marketing and service of yield-enhancing and production

23  solutions for specialized applications in the supply chain of the electronics industry.  This Court

24  has jurisdiction over Orbotech because many of Orbotech's actions challenged in this Complaint

25  occurred in substantial part, were directed at, and/or intended to have its primary effect in, this

26  State.

27      15.    The Defendants identified in paragraphs 8 through 13 collectively constitute the

28  entirety of the Company's board of directors.  These six individuals are hereinafter referred to

4

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1 | collectively as the "Individual Defendants."

2 | **THE INDIVIDUAL DEFENDANTS' FIDUCIARY DUTIES**

3　　16.　　Under applicable common law, the directors of a publicly held company such as
4 Photon Dynamics have fiduciary duties of care, loyalty, disclosure, good faith and fair dealing
5 and are liable to shareholders for breaches thereof. They are required to exercise good faith and
6 subordinate their own selfish interests to those of the corporation where their interests conflict.
7 Where it appears that a director has obtained any personal profit from dealing with the
8 corporation, and the transaction is drawn into question as between him and the stockholders of the
9 corporation, the burden is upon the director or officer to show that the transaction has been fair,
10 open and in the utmost good faith.

11　　17.　　As alleged in detail below, Defendants have breached, and/or aided other
12 Defendants' breaches of, their fiduciary duties to Photon Dynamics' public shareholders by acting
13 to cause or facilitate the Sale Agreement because it is not in the best interests of those
14 shareholders, but is in the best interests of the Individual Defendants who will collectively receive
15 significant personal profits as a result of the Sale Agreement, which they would not otherwise
16 receive at this time.

17　　18.　　Because Defendants have knowingly or recklessly breached their fiduciary duties
18 in connection with the Sale Agreement, and/or are personally profiting from the same, the burden
19 of proving the inherent or entire fairness of the Sale Agreement, including all aspects of its
20 negotiation, structure, and terms, is borne by Defendants as a matter of law.

21　　19.　　Further, as alleged in detail *infra*, the Individual Defendants have breached their
22 fiduciary duty of disclosure in that on July 14, 2008 they filed the Proxy Statement with the SEC
23 (and, through the SEC, distribute to Photon Dynamics shareholders over the Internet) but
24 concealed certain material information which a reasonable shareholder would find material in
25 determining whether to vote for the Sale Agreement. Among other things, the Individual
26 Defendants concealed the extent of the conflicts of interest of their financial advisor including,
27 *inter alia*, (i) information pertaining to Credit Suisse Securities (USA) LLC's ("Credit Suisse")
28 investments in Orbotech and/or its affiliates and payments that Credit Suisse has received and/or

5

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1    expects to receive for services rendered to Orbotech, and (ii) the percentage of Credit Suisse's

2    fees which are contingent upon the consummation of the Sale Agreement.

3                              **CLASS ACTION ALLEGATIONS**

4            20.     Plaintiff brings this action as a class action pursuant to California Code of Civil

5    Procedure § 382 on behalf of itself and all other shareholders of the Company except the

6    Defendants herein and any person(s), firm(s), trust(s), corporation(s), or other entit(ies) related to

7    or affiliated with them, who are or will be threatened with injury arising from Defendants'

8    actions, as more fully described herein (the "Class").

9            21.     The members of the Class are so numerous that joinder of all of them would be

10   impracticable.  While the exact number of Class members is unknown to Plaintiff, and can be

11   ascertained only through appropriate discovery, Plaintiff believes there are many hundreds, if not

12   thousands, of Class members.  Photon Dynamics had over 17 million shares of common stock

13   outstanding as of July 9, 2008.

14           22.     Plaintiff's claims are typical of the claims of the Class, since Plaintiff and the other

15   members of the Class have and will sustain harm arising out of Defendants' breaches of their

16   fiduciary duties.  Plaintiff does not have any interests that are adverse or antagonistic to those of

17   the Class.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is

18   committed to the vigorous prosecution of this action and has retained counsel competent and

19   experienced in this type of litigation.

20           23.     There are questions of law and fact common to the members of the Class that

21   predominate over any questions which, if they exist, may affect individual Class members.  The

22   predominant questions of law and fact include, among others, whether:

23                   a.      the Defendants have and are breaching their fiduciary duties to the

24   detriment of Photon Dynamics shareholders;

25                   b.      Plaintiff and the Class are entitled to an injunction and other equitable

26   relief; and

27                   c.      Plaintiff and the Class have been damaged and the extent to which they

28   have sustained damages, and what is the proper measure of those damages.

6

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

24.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Further, as individual damages may be relatively small for most members of the Class, the burden and expense of prosecuting litigation of this nature makes it unlikely that members of the Class would prosecute individual actions.  Plaintiff anticipates no difficulty in the management of this action as a class action.  Further, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying results, which may establish incompatible standards of conduct for Defendants.

## SUBSTANTIVE ALLEGATIONS

25.     Discussions regarding a potential sale of Photon Dynamics to Orbotech began in August 2005, at which time the Company's shares were trading at the high $19.00 range.  Following negotiations, the parties reached an understanding pursuant to which Orbotech would acquire Photon Dynamics at a value of $24.50 per share.  However, several weeks later, Orbotech withdrew from that understanding.

26.     In late 2006, Orbotech again proposed to acquire the Company at a price of $15.50 per share, however the Company's board rejected that proposal.

27.     In March 2008, Orbotech again made an unsolicited proposal to acquire the Company at a price of $14.00 per share.  The Company determined to engage in negotiations with Orbotech at that time and, to that end, retained Credit Suisse to serve at its financial advisor.  During negotiations with Orbotech, Credit Suisse indicated that a price of "$16.50 to $17.00" was an appropriate basis to continue negotiations with Orbotech.  However, days later, the Board lowered that price to $16.10 per share, then again to $15.80 per share.

28.     On June 26, 2008, Orbotech and Photon Dynamics announced that they have signed a definitive agreement for Orbotech to acquire Photon Dynamics.  Under the terms of the agreement, Orbotech will pay $15.60 per share in cash for all of the issued and outstanding shares of Photon Dynamics' common stock, making an aggregate merger consideration value for the transaction of approximately $290 million.

7

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1

**CONFLICTS OF INTERESTS**

2

**Each Member of Photon Dynamics' Board of Directors Has a Conflict of Interest with Regard to a Sale of the Company Because Each Will Receive Significant Payments that**

3

**He/She Would Not Otherwise Receive at This Time Absent the Sale of the Company**

4      29.    As set forth in the chart below, each member of Photon Dynamics' board of

5  directors has a conflict of interest with regard to a sale of the Company because each will receive

6  significant payments in the form of the accelerated vesting of unvested stock options and

7  restricted share units (RSU) that they would not otherwise receive at this time absent the Sale of

8  the Company.

9
10

| Director | # of Unvested Options | # of Unvested Restricted Share Units | Value of Accelerated Equity Awards |
|---|---|---|---|
| Dr. Malcolm J. Thompson | 7,500 | 4,167 | $111,280 |
| Ms. Terry H. Carlitz | 12,500 | 4,167 | $111,280 |
| Dr. Donald C. Fraser | 13,750 | 4,450 | $155,818 |
| Mr. Edward Rogas, Jr. | 17,500 | 2,917 | $91,780 |
| Mr. Curtis S. Wozniak | 12,500 | 4,167 | $111,280 |
| Mr. Jeffrey A. Hawthorne | 8,640 | 100,000 | $1,560,000 |

11
12
13
14

15      30.    Further, defendant Hawthorne, the Company's Chief Executive Officer and

16  President will also receive a cash payment of $700,000 in change of control severance payments

17  as a result of the sale of the Company.

18      31.    In addition, under the terms of the Sale Agreement, all of the Company's stock

19  options and RSUs, including those held by members of the Company's board of directors, will be

20  assumed by Orbotech and converted into an option to purchase Orbotech shares.  Thus, these

21  directors will be able to share in Photon Dynamics' continued growth via Orbotech.  The table

22  below, which sets forth the number of RSUs and Stock Options held by each director,

23  demonstrates that each director also held significantly more stock options and RSUs than Photon

24  Dynamics' stock.  Thus, the Individual Defendants' interests were clearly not aligned with the

25  interest of Photon Dynamics' other public shareholders.

26
27

| Director | # of Photon Dynamics Shares | # of Restricted Share Units | # of Stock Options |
|---|---|---|---|
| Dr. Malcolm J. Thompson | 1,250 | 5,000 | 84,201 |
| Ms. Terry H. Carlitz | - | 5,000 | 50,000 |

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

| Director | # of Photon Dynamics Shares | # of Restricted Share Units | # of Stock Options |
|---|---|---|---|
| Dr. Donald C. Fraser | - | 4,550 | 13,750 |
| Mr. Edward Rogas, Jr. | 208 | 2,917 | 29,375 |
| Mr. Curtis S. Wozniak | - | 5000 | 50,000 |
| Mr. Jeffrey A. Hawthorne | 15,138 | 100,000 | 277,983 |

32.     Finally, each of the Individual Defendants will be granted rights to indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement (the "Effective Time") for six years after the Effective Time – thereby insulating them from all liability arising from this transaction.

33.     Because of these financial and other incentives, each of the Individual Defendants has a conflict of interest in deciding whether Photon Dynamics should be sold at this time.

34.     Moreover, the Individual Defendants retained Credit Suisse to serve as their financial advisor and render a fairness opinion on the consideration offered pursuant to the Sale Agreement.  However they incentivized Credit Suisse to render a favorable fairness opinion by ensuring that a substantial majority of Credit Suisse's fee was payable only upon a consummation of the Sale Agreement.

## THE MATERIALLY MISLEADING AND/OR INCOMPLETE PROXY

35.     In addition, Defendants are breaching their fiduciary duties of full disclosure to Photon Dynamics' public shareholders in connection with the Sale Agreement.  In this regard, on July 14, 2008, the Individuals filed the Proxy Statement with the SEC and used the SEC to distribute the Proxy Statement to shareholders via the Internet.  However, the Proxy Statement is deficient in that it misrepresents and/or omits the following material information:

(i)     According to chart below extracted from the Proxy Statement (emphasis added) the projections for EBIT, Net Operating Profit after Tax and Unlevered Free Cash Flow for CY 2010 are significantly lower than the comparable projections for CY 2008, 2008, 2011 and 2012.  The Proxy Statement is deficient because it fails to explain the rationale for the significantly lower projections for 2010.

9

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

## PROJECTED FINANCIAL INFORMATION
### (in millions)

| | 2H-CY 2008 | CY 2009 | CY 2010 | CY 2011 | CY 2012 |
|---|---|---|---|---|---|
| | | | **Calendar Period** | | |
| Total Revenue | $ 114 | $ 172 | *$ 130* | $ 152 | $ 183 |
| EBIT | $ 18 | $ 26 | *$ 4* | $ 14 | $ 26 |
| Net Operating Profit after Tax | $ 17 | $ 23 | *$ 4* | $ 12 | $ 24 |
| Unlevered Free Cash Flow [(1)] | $ 29 | $ 20 | *$ 2* | $ 13 | $ 23 |

Any discrepancy in the information utilized by the Company's financial advisor to render its fairness opinion is material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(ii)   According to the Proxy Statement, in the ordinary course of business, Credit Suisse and its affiliates may acquire, hold or sell for its and its affiliates, own accounts and the accounts of customers, equity, debt and other securities of the Company and Orbotech, as well as provide investment banking and other financial services to such Companies. The Proxy Statement is deficient because it fails to disclose (a) the amount of the fees that Credit Suisse has received for work it has done for Orbotech and/or its affiliates, (b) any work, and the fees payable therefrom, that Credit Suisse expects to perform for Orbotech and/or its affiliates in the future, and (c) the extent of Credit Suisse's holdings in any equity, debt and/or other securities of Orbotech.

Information with regard to any conflict of interest that the Company's financial advisor may have is material to the Company's public shareholders in determining how much weight to place on its opinion and must therefore be disclosed.

(iii)   According to the Proxy Statement, a substantial majority of Credit Suisse's $4.5 million fee is contingent upon the close of the Sale Agreement. The Proxy Statement is deficient because it fails to disclose the percentage of that fee which is contingent upon the close of the transaction.

Information with regard to any conflict of interest that the Company's financial advisor may have is material to the Company's public shareholders in determining how much weight to place on its opinion and must therefore be disclosed.

(iv)   According to the Proxy Statement, Credit Suisse indicated to Orbotech that a price range of $16.50 to $17.00 per share was an "appropriate basis to continue negotiations" regarding a sale of Photon Dynamics to Orbotech. The Proxy Statement is deficient because it fails to disclose the basis upon which Credit Suisse arrived at this price range.

This information is material to Photon Dynamics' public shareholders in determining the extent to which the Individual Defendants complied with their duties of loyalty and care to protect the best interests of the Company's public shareholders.

(v)   With regard to Credit Suisse's *Discounted Cash Flow Analysis*, the Proxy

10

1
2

Statement fails to disclose the methodology Credit Suisse used to arrive at (a) discount rates of 12.0% to 16.0% that it used for this analysis and (b) the after taxes multiples of 12.0x to 20.0x that it used for this analysis.

3
4
5

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

6
7
8

(vi)    With regard to Credit Suisse's *Selected Companies Analysis*, the Proxy Statement is deficient because it fails to disclose (a) the criteria Credit Suisse used to select the Companies it reviewed for this analysis, (b) the range of selected multiples that Credit Suisse derived from this analysis and applied to derive the implied estimated per share equity reference ranges.

9
10

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

11
12
13
14

(vii)   With regard to Credit Suisse's *Selected Transactions Analysis*, the Proxy Statement is deficient because it fails to disclose (a) the criteria Credit Suisse used to select the transactions it reviewed for this analysis, (b) the range of selected multiples that Credit Suisse derived from this analysis and applied to derive the implied estimated per share equity reference ranges.

15
16
17
18

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed. This information becomes particularly important in this context given Credit Suisse's admission that it accorded less weight to this analysis than to the other analysis "in light of the lack of direct comparability between the companies engaged in the selected transactions and the Company."

19
20
21

(viii)  According to the Proxy Statement, Orbotech advised the Company that it would "agree to forego an employee-related closing condition in the merger agreement." The Proxy Statement is deficient because it fails to disclose what that condition is.

22
23

This information is material to Photon Dynamics' public shareholders in determining the extent to which the Individual Defendants complied with their duties of loyalty and care to protect the best interests of the Company's public shareholders.

24

## COUNT I

25
26

**Breach of Fiduciary Duties of Care, Good Faith and Loyalty**
**(Against the Individual Defendants)**

27

36.     Plaintiff repeats and realleges all previous allegations as if set forth in full herein.

28

37.     The Individual Defendants have violated the fiduciary duties of care, good faith,

11

and loyalty they owe to the shareholders of Photon Dynamics.  The Individual Defendants' negotiation of and agreement to the terms of the Sale Agreement demonstrate a clear absence of the exercise of due care, good faith, and of loyalty to Photon Dynamics' public shareholders.

38.    In agreeing to the Sale Agreement, the Individual Defendants failed to adequately inform themselves of Photon Dynamics' highest transactional value and failed to do so because of their interest in quickly signing the Sale Agreement and thereby obtaining the improper personal benefits they will receive thereunder.

39.    In addition, the $15.60 per share price to be paid to Photon Dynamics' public shareholders is inadequately low given that (a) the intrinsic value of Photon Dynamics' common stock is in excess of the $15.60 per share offered by Orbotech, giving due consideration to the Company's prospects for growth and profitability in light of its business, earnings power, present and future; and (b) it is not the result of an appropriate consideration of the value of Photon Dynamics because the Individual Defendants approved the Sale Agreement  without undertaking adequate steps to fairly and accurately ascertain Photon Dynamics' value.

40.    By reason of the foregoing, Plaintiff and each member of the Class are suffering irreparable injury, including injury for which there is no adequate remedy at law.

## COUNT II

### Breach of Fiduciary Duty of Disclosure
### (Against All Defendants Except Orbotech)

41.    Plaintiff repeats all previous allegations as if set forth in full herein.

42.    The fiduciary duties of Defendants other than Orbotech require them to disclose to Plaintiffs and the class all information material to the decisions confronting Photon Dynamics' public shareholders with regard to their vote on the Sale Agreement.

43.    As set forth above, Defendants have breached their fiduciary duty through materially inadequate disclosures and material omissions.

44.    By reason of the foregoing, Plaintiff and each member of the Class are suffering irreparable injury, including injury for which there is no adequate remedy at law.

12

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1

## COUNT III

2

### Aiding and Abetting
### (Against Orbotech)

3

4      45.    Plaintiff repeats all previous allegations as if set forth in full herein.

5      46.    The Individual Defendants owed Plaintiff and Photon Dynamics' other

6    shareholders duties of care, good faith and loyalty.  As earlier alleged, the Individual Defendants

7    breached these fiduciary duties.  Orbotech has aided and abetted the Individual Defendants in the

8    breaches of their fiduciary duties to Photon Dynamics' shareholders by, among other things,

9    (a) negotiating a sale of the Company to Orbotech with knowledge of the conflicts of interest and

10   the inadequate price the Individual Defendants have agreed to as a result of the same,

11   (b) requiring Photon Dynamics to pay it a substantial break-up fee if it accepts a superior

12   proposal, and (c) agreeing to indemnify the Individual Defendants for liability arising as a result

13   of their wrongful conduct as alleged herein.  The payment of the break-up fee effectively serves

14   as a substantial deterrence to other prospective buyers since they would be saddled with the

15   burden of paying the termination fee.  Further, the proposed sale of Photon Dynamics to Orbotech

16   could not take place without the knowing participation of Orbotech.

17     47.    By reason of the foregoing, Plaintiff and each member of the Class are suffering

18   irreparable injury.

19

### PRAYER

20     WHEREFORE, Plaintiff demands judgment as follows:

21     A.    Determine that this action is a proper class action, and that Plaintiff is a proper

22   class representative;

23     B.    Declare that Defendants have breached their fiduciary duties to Plaintiff and the

24   Class and/or aided and abetted such breaches;

25     C.    Enjoin the Sale Agreement  and, if the Sale Agreement  is consummated,

26   rescinding it;

27     D.    Require Defendants to make corrective and complete disclosures to Plaintiff and

28   the Class;

13

COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

1     E.      Award Plaintiff and the Class compensatory and/or rescissory damages as allowed

2  by law;

3     F.      Award interest, attorney's fees, expert fees and other costs, in an amount to be

4  determined; and

5     G.      Grant such other relief as the Court may find just and proper.

6                              **DEMAND FOR JURY TRIAL**

7         Plaintiff hereby demands a trial by jury.

8  DATED: July 25, 2008                    HULETT HARPER STEWART LLP
                                           KIRK B. HULETT
9                                          BLAKE MUIR HARPER
                                           SARAH P. WEBER
10

11

12

13                                         BLAKE MUIR HARPER

14
                                           550 West C Street, Suite 1600
15                                         San Diego, CA  92101
                                           Telephone:     (619) 338-1133
16                                         Facsimile:     (619) 338-1139

17                                         Attorneys for Plaintiff
   Of Counsel:
18
   THE BRUALDI LAW FIRM
19 RICHARD B. BRUALDI
   GAITRI BOODHOO
20 AYESHA N. ONYEKWELU
21 29 Broadway, Suite 2400
   New York, NY  10006
22 Telephone:     (212) 952-0602
   Facsimile:     (212) 952-0608
23

24

25

26

27

28

                                          14
─────────────────────────────────────────────────────────────────
COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE

HULETT HARPER STEWART LLP
KIRK B. HULETT, SBN: 110726
BLAKE MUIR HARPER, SBN: 115756
SARAH P. WEBER, SBN: 239979
550 West C Street, Suite 1600
San Diego, CA 92101
Telephone:     (619) 338-1133
Facsimile:     (619) 338-1139
e-mail: kbh@hulettharper.com
       bmh@hulettharper.com
       sweber@hulettharper.com

Attorneys for Plaintiff, Capital Partners
[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| CAPITAL PARTNERS, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DR. MALCOLM J. THOMPSON, JEFFREY A. HAWTHORNE, TERRY H. CARLITZ, DR. DONALD C. FRASER, EDWARD ROGAS, JR., CURTIS S. WOZNIAK, PHOTON DYNAMICS, INC. AND ORBOTECH, LTD.,<br><br>Defendants. | Case No. 08-03688RS<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FAILURE TO DISCLOSE**<br><br><br><br><br><br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

1    Plaintiff, as and for its First Amended Class Action Complaint, alleges upon personal

2    knowledge as to itself and its own acts, and upon information and belief derived from, *inter alia*,

3    a review of documents filed with the Securities and Exchange Commission ("SEC") and publicly

4    available news sources, such as newspaper articles, as to all other matters, as follows:[1]

5                                          **NATURE OF THE ACTION**

6    1.    This is a shareholder class action on behalf of Plaintiff and the other public

7    stockholders of Photon Dynamics, Inc. ("Photon Dynamics" or the "Company") common stock

8    against Photon Dynamics, Inc., the Company's directors and Orbotech, Ltd.  It challenges the sale

9    of Photon Dynamics to Orbotech, Ltd. and its wholly owned subsidiary, PDI Acquisition, Inc.

10    (collectively "Orbotech") in a proposed transaction (the "Sale Agreement") which protects and

11    advances the interests of Photon Dynamics' directors and Orbotech at the expense of Photon

12    Dynamics' public shareholders and also challenges the Individual Defendants' efforts to conceal

13    material information from Plaintiff and Photon Dynamics' other public shareholders in

14    conjunction with the same.  Specifically, as further alleged below, all of Photon Dynamics'

15    directors will receive extensive personal compensation as a result of the Sale Agreement −

16    compensation that they would not otherwise receive at this time absent the Sale Agreement.  This

17    conflict of interest caused these directors to be unable to fairly and thoroughly evaluate the Sale

18    Agreement to ensure that it is in the best interest of Photon Dynamics and its public shareholders.

19    Additionally, Photon Dynamics' directors caused Photon Dynamics to file a definitive proxy

20    statement with the SEC on or about August 4, 2008 (and mail it to Photon Dynamics'

21    shareholders on or about August 5, 2008) which concealed material information from Plaintiff

22    and Photon Dynamics' other public shareholders (the "Proxy Statement").

23                                          **JURISDICTION**

24    2.    The Superior Court of California for the County of Santa Clara (the "Superior

25    Court") has jurisdiction over the subject matter of this action pursuant to the California

26

27    [1]  This action has been removed to the United States District Court by certain of the Defendants.
      Plaintiff is moving to remand and by filing this amended complaint in no way consents to the
28    jurisdiction of the District Court or concedes that removal was proper.

                                                                                          1

FIRST AMENDED COMPLAINT; Case No. 08-03688RS

1     Constitution, Article VI, Section 10, because this case is an action not given by statute to other

2     trial courts.

3          3.      The Superior Court has jurisdiction over the Defendants in this action because

4     Photon Dynamics is a California corporation headquartered in Santa Clara County, California and

5     because the improper conduct alleged in this Complaint occurred in and/or was directed at Santa

6     Clara County, California. Additionally, that Court has jurisdiction over each of the Defendants

7     because their wrongful conduct challenged in this Complaint was directed at, and intended to

8     have its primary effect in, Santa Clara County, California.

9          4.      Venue lies in the Superior Court for Santa Clara County because Photon

10     Dynamics' principal place of business is located in San Jose, California within Santa Clara

11     County, and Defendants' wrongful acts occurred in substantial part in or were directed toward

12     Santa Clara County.

13          5.      This action challenges the internal affairs or governance of Photon Dynamics and

14     hence is not removable to Federal Court under the Class Action Fairness Act of 2005 or the

15     Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f).

16                              **THE PARTIES**

17          6.      Plaintiff Capital Partners is the owner of shares of Photon Dynamics' common

18     stock and has been the owner of such shares at all relevant times.

19          7.      Defendant Photon Dynamics is a California corporation with executive offices

20     located at 5970 Optical Court, San Jose, California 95138-1400. The Company is a global

21     supplier utilizing advanced machine vision technology for liquid crystal display flat panel display

22     test and repair systems and for digital imaging systems for defense, surveillance, industrial

23     inspection and medical imaging applications.

24          8.      Defendant Dr. Malcolm J. Thompson ("Thompson") has served as a director of the

25     Company since 1992. Thompson has served as the Executive Chairman of Photon Dynamics

26     from October 2003 until September 2005 and is now Chairman of the Company's Board of

27     Directors. In connection with the Sale Agreement, Thompson (i) is expected to receive a cash

28     payment of approximately $111,280.00 for the accelerated vesting of his unvested Photon

1   Dynamics stock options and restricted stock units and (ii) will be granted a right to

2   indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

3   The Superior Court has jurisdiction over Thompson because Photon Dynamics is headquartered

4   in California and many of Thompson's actions challenged in this Complaint occurred in

5   substantial part, were directed at, and/or intended to have their primary effect in, California.

6         9.    Defendant Jeffrey A. Hawthorne ("Hawthorne") has served as a director of the

7   Company since December 2003.  Hawthorne has also served as the Company's President and

8   Chief Executive Officer since October 2003.  From July 2003 to October 2003, Hawthorne was

9   the Company's Chief Operating Officer.  From November 2001 to July 2003, Hawthorne was the

10   Company's Vice President and President of the Company's Image Processing Systems Division.

11   Hawthorne joined the Company in 1991 and has held a series of other management positions

12   including Vice President of Development from September 1994 to November 2001.   In

13   connection with the Sale Agreement, Hawthorne (i) is expected to receive a cash payment of

14   $1,560,000.00 for the accelerated vesting of his unvested Photon Dynamics stock options and

15   restricted stock units, (ii) is expected to receive a cash severance payment of $700,000.00, and

16   (iii) will be granted a right to indemnification for acts or omissions occurring prior to the

17   consummation of the Sale Agreement.  The Superior Court has jurisdiction over Hawthorne

18   because Photon Dynamics is headquartered in California and many of Hawthorne's actions

19   challenged in this Complaint occurred in substantial part, were directed at, and/or intended to

20   have their primary effect in, California.

21         10.    Defendant Terry H. Carlitz ("Carlitz") has served as a director of the Company

22   since December 2004.  In connection with the Sale Agreement, Carlitz (i) is expected to receive a

23   cash payment of approximately $111,280.00 for the accelerated vesting of her unvested Photon

24   Dynamics stock options and restricted stock units and (ii) will be granted a right to

25   indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.

26   The Superior Court has jurisdiction over Carlitz because Photon Dynamics is headquartered in

27   California and many of Carlitz's actions challenged in this Complaint occurred in substantial part,

28   were directed at, and/or intended to have their primary effect in, California.

3

FIRST AMENDED COMPLAINT; Case No. 08-03688RS

1    11.    Defendant Dr. Donald C. Fraser ("Fraser") has served as a director of the
2 Company since October 2007. In connection with the Sale Agreement, Fraser (i) is expected to
3 receive a cash payment of approximately $155,818.00 for the accelerated vesting of his unvested
4 Photon Dynamics stock options and restricted stock units and (ii) will be granted a right to
5 indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.
6 The Superior Court has jurisdiction over Fraser because Photon Dynamics is headquartered in
7 California and many of Fraser's actions challenged in this Complaint occurred in substantial part,
8 were directed at, and/or intended to have their primary effect in, California.

9    12.    Defendant Edward Rogas, Jr. ("Rogas") has served as a director of the Company
10 since October 2007. In connection with the Sale Agreement, Rogas (i) is expected to receive a
11 cash payment of approximately $91,780.00 for the accelerated vesting of his unvested Photon
12 Dynamics stock options and restricted stock units and (ii) will be granted a right to
13 indemnification for acts or omissions occurring prior to the consummation of the Sale Agreement.
14 The Superior Court has jurisdiction over Rogas because Photon Dynamics is headquartered in
15 California and many of Rogas' actions challenged in this Complaint occurred in substantial part,
16 were directed at, and/or intended to have their primary effect in, California.

17    13.    Defendant Curtis S. Wozniak ("Wozniak") has served as a director of the
18 Company since December 2004. In connection with the Sale Agreement, Wozniak (i) is expected
19 to receive a cash payment of approximately $111,280.00 for the accelerated vesting of his
20 unvested Photon Dynamics stock options and restricted stock units and (ii) will be granted a right
21 to indemnification for acts or omissions occurring prior to the consummation of the Sale
22 Agreement. The Superior Court has jurisdiction over Wozniak because Photon Dynamics is
23 headquartered in California and many of Wozniak's actions challenged in this Complaint
24 occurred in substantial part, were directed at, and/or intended to have their primary effect in,
25 California.

26    14.    Defendant Orbotech is a foreign corporation. Orbotech is principally engaged in
27 the design, development, manufacture, marketing and service of yield-enhancing and production
28 solutions for specialized applications in the supply chain of the electronics industry. The Superior

4

1  Court has jurisdiction over Orbotech because many of Orbotech's actions challenged in this

2  Complaint occurred in substantial part, were directed at, and/or intended to have its primary effect

3  in, California.

4        15.    The Defendants identified in paragraphs 8 through 13 collectively constitute the

5  entirety of the Company's board of directors.  These six individuals are hereinafter referred to

6  collectively as the "Individual Defendants."

7  <u>**THE INDIVIDUAL DEFENDANTS' FIDUCIARY DUTIES**</u>

8        16.    Under applicable common law, the directors of a publicly held company such as

9  Photon Dynamics have fiduciary duties of care, loyalty, disclosure, good faith and fair dealing

10  and are liable to shareholders for breaches thereof.  They are required to exercise good faith and

11  subordinate their own selfish interests to those of the corporation where their interests conflict.

12  Where it appears that a director has obtained any personal profit from dealing with the

13  corporation, and the transaction is drawn into question as between him and the stockholders of the

14  corporation, the burden is upon the director or officer to show that the transaction has been fair,

15  open and in the utmost good faith.

16        17.    As alleged in detail below, Defendants have breached, and/or aided other

17  Defendants' breaches of, their fiduciary duties to Photon Dynamics' public shareholders by acting

18  to cause or facilitate the Sale Agreement because it is not in the best interests of those

19  shareholders, but is in the best interests of the Individual Defendants who will collectively receive

20  significant personal profits as a result of the Sale Agreement, which they would not otherwise

21  receive at this time.

22        18.    Because Defendants have knowingly or recklessly breached their fiduciary duties

23  in connection with the Sale Agreement, and/or are personally profiting from the same, the burden

24  of proving the inherent or entire fairness of the Sale Agreement, including all aspects of its

25  negotiation, structure, and terms, is borne by Defendants as a matter of law.

26        19.    Further, as alleged in detail *infra*, the Individual Defendants have breached their

27  fiduciary duty of disclosure in that on August 4, 2008, they filed the Proxy Statement with the

28  SEC (and mailed to the shareholders of Photon Dynamics on or about August 5, 2008 in

5

FIRST AMENDED COMPLAINT; Case No. 08-03688RS

1  connection with seeking their vote on the Sale Agreement) but concealed certain material

2  information which a reasonable shareholder would find material in determining whether to vote

3  for the Sale Agreement.  Among other things, the Individual Defendants concealed the extent of

4  the conflicts of interest of their financial advisor including, *inter alia*, (i) information pertaining to

5  Credit Suisse Securities (USA) LLC's ("Credit Suisse") investments in Orbotech and/or its

6  affiliates and payments that Credit Suisse has received and/or expects to receive for services

7  rendered to Orbotech, and (ii) the percentage of Credit Suisse's fees which are contingent upon

8  the consummation of the Sale Agreement.

9  **CLASS ACTION ALLEGATIONS**

10        20.     Plaintiff brings this action as a class action pursuant to California Code of Civil

11  Procedure § 382, or alternatively Fed. R. Civ. P. 23, on behalf of itself and all other shareholders

12  of the Company except the Defendants herein and any person(s), firm(s), trust(s), corporation(s),

13  or other entit(ies) related to or affiliated with them, who are or will be threatened with injury

14  arising from Defendants' actions, as more fully described herein (the "Class").

15        21.     The members of the Class are so numerous that joinder of all of them would be

16  impracticable.  While the exact number of Class members is unknown to Plaintiff, and can be

17  ascertained only through appropriate discovery, Plaintiff believes there are many hundreds, if not

18  thousands, of Class members.  Photon Dynamics had over 17 million shares of common stock

19  outstanding as of July 9, 2008.

20        22.     Plaintiff's claims are typical of the claims of the Class, since Plaintiff and the other

21  members of the Class have and will sustain harm arising out of Defendants' breaches of their

22  fiduciary duties.  Plaintiff does not have any interests that are adverse or antagonistic to those of

23  the Class.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is

24  committed to the vigorous prosecution of this action and has retained counsel competent and

25  experienced in this type of litigation.

26        23.     There are questions of law and fact common to the members of the Class that

27  predominate over any questions which, if they exist, may affect individual Class members.  The

28  predominant questions of law and fact include, among others, whether:

6

FIRST AMENDED COMPLAINT; Case No. 08-03688RS

1            a.       the Defendants have and are breaching their fiduciary duties to the

2  detriment of Photon Dynamics shareholders;

3            b.       Plaintiff and the Class are entitled to an injunction and other equitable

4  relief; and

5            c.       Plaintiff and the Class have been damaged and the extent to which they

6  have sustained damages, and what is the proper measure of those damages.

7       24.     A class action is superior to all other available methods for the fair and efficient

8  adjudication of this controversy, since joinder of all members is impracticable.  Further, as

9  individual damages may be relatively small for most members of the Class, the burden and

10  expense of prosecuting litigation this nature makes it unlikely that members of the Class would

11  prosecute individual actions.  Plaintiff anticipates no difficulty in the management of this action

12  as a class action.  Further, the prosecution of separate actions by individual members of the Class

13  would create a risk of inconsistent or varying results, which may establish incompatible standards

14  of conduct for Defendants.

15                       **SUBSTANTIVE ALLEGATIONS**

16       25.     Discussions regarding a potential sale of Photon Dynamics to Orbotech began in

17  August 2005, at which time the Company's shares were trading at the high $19.00 range.

18  Following negotiations, the parties reached an understanding pursuant to which Orbotech would

19  acquire Photon Dynamics at a value of $24.50 per share.  However, several weeks later, Orbotech

20  withdrew from that understanding.

21       26.     In late 2006, Orbotech again proposed to acquire the Company at a price of $15.50

22  per share, however the Company's board rejected that proposal.

23       27.     In March 2008, Orbotech again made an unsolicited proposal to acquire the

24  Company at a price of $14.00 per share.  The Company determined to engage in negotiations with

25  Orbotech at that time and, to that end, retained Credit Suisse to serve at its financial advisor.

26  During negotiations with Orbotech, Credit Suisse indicated that a price of "$16.50 to $17.00" was

27  an appropriate basis to continue negotiations with Orbotech.  However, days later, the Board

28  lowered that price to $16.10 per share, then again to $15.80 per share.

7

28.     On June 26, 2008, Orbotech and Photon Dynamics announced that they have signed a definitive agreement for Orbotech to acquire Photon Dynamics.  Under the terms of the agreement, Orbotech will pay $15.60 per share in cash for all of the issued and outstanding shares of Photon Dynamics' common stock, making an aggregate merger consideration value for the transaction of approximately $290 million.

## CONFLICTS OF INTERESTS

**Each Member of Photon Dynamics' Board of Directors Has a Conflict of Interest with Regard to a Sale of the Company Because Each Will Receive Significant Payments that He/She Would Not Otherwise Receive at This Time Absent the Sale of the Company**

29.     As set forth in the chart below, each member of Photon Dynamics' board of directors has a conflict of interest with regard to a sale of the Company because each will receive significant payments in the form of the accelerated vesting of unvested stock options and restricted share units (RSU) that they would not otherwise receive at this time absent the Sale of the Company.

| Director | # of Unvested Options | # of Unvested Restricted Share Units | Value of Accelerated Equity Awards |
|---|---|---|---|
| Dr. Malcolm J. Thompson | 7,500 | 4,167 | $111,280 |
| Ms. Terry H. Carlitz | 12,500 | 4,167 | $111,280 |
| Dr. Donald C. Fraser | 13,750 | 4,450 | $155,818 |
| Mr. Edward Rogas, Jr. | 17,500 | 2,917 | $91,780 |
| Mr. Curtis S. Wozniak | 12,500 | 4,167 | $111,280 |
| Mr. Jeffrey A. Hawthorne | 8,640 | 100,000 | $1,560,000 |

30.     Further, Defendant Hawthorne, the Company's Chief Executive Officer and President will also receive a cash payment of $700,000 in change of control severance payments as a result of the sale of the Company.

31.     In addition, under the terms of the Sale Agreement, all of the Company's stock options and RSUs, including those held by members of the Company's board of directors, will be assumed by Orbotech and converted into an option to purchase Orbotech shares.  Thus, these directors will be able to share in Photon Dynamics' continued growth via Orbotech.  The table below, which sets forth the number of RSUs and Stock Options held by each director, demonstrates that each director also held significantly more stock options and RSUs than Photon

8

Dynamics stock.  Thus, the Individual Defendants' interests were clearly not aligned with the

interest of Photon Dynamics' other public shareholders.

| Director | # of Photon Dynamics Shares | # of Restricted Share Units | # of Stock Options |
|---|---|---|---|
| Dr. Malcolm J. Thompson | 1,250 | 5,000 | 84,201 |
| Ms. Terry H. Carlitz | - | 5,000 | 50,000 |
| Dr. Donald C. Fraser | - | 4,550 | 13,750 |
| Mr. Edward Rogas, Jr. | 208 | 2,917 | 29,375 |
| Mr. Curtis S. Wozniak | - | 5000 | 50,000 |
| Mr. Jeffrey A. Hawthorne | 15,138 | 100,000 | 277,983 |

32.    Finally, each of the Individual Defendants will be granted rights to indemnification
for acts or omissions occurring prior to the consummation of the Sale Agreement (the "Effective
Time") for six years after the Effective Time – thereby insulating them from all liability arising
from this transaction.

33.    Because of these financial and other incentives, each of the Individual Defendants
has a conflict of interest in deciding whether Photon Dynamics should be sold at this time.

34.    Moreover, the Individual Defendants retained Credit Suisse to serve as their
financial advisor and render a fairness opinion on the consideration offered pursuant to the Sale
Agreement.  However they incentivized Credit Suisse to render a favorable fairness opinion by
ensuring that a substantial majority of Credit Suisse's fee was payable only upon a consummation
of the Sale Agreement.

### THE MATERIALLY MISLEADING AND/OR INCOMPLETE PROXY

35.    In addition, Defendants are breaching their fiduciary duties of full disclosure to
Photon Dynamics' public shareholders in connection with the Sale Agreement.  In this regard, on
August 4, 2008, the Individual Defendants caused Photon Dynamics to file the Proxy Statement
with the SEC and mail it to Photon Dynamics' public shareholder on or about August 5, 2008 in
connection with seeking their vote on the Sale Agreement.  However, the Proxy Statement is
deficient in that it misrepresents and/or omits the following material information:

(i)    According to chart below extracted from the Proxy Statement
(emphasis added) the projections for EBIT, Net Operating Profit

9

FIRST AMENDED COMPLAINT; Case No. 08-03688RS

after Tax and Unlevered Free Cash Flow for CY 2010 are significantly lower than the comparable projections for CY 2008, 2008, 2011 and 2012. The Proxy Statement is deficient because it fails to explain the rationale for the significantly lower projections for 2010.

## PROJECTED FINANCIAL INFORMATION
### (in millions)

| | Calendar Period | | | | |
|---|---|---|---|---|---|
| | 2H-CY 2008 | CY 2009 | *CY 2010* | CY 2011 | CY 2012 |
| Total Revenue | $114 | $172 | *$130* | $152 | $183 |
| EBIT | $ 18 | $ 26 | *$ 4* | $ 14 | $ 26 |
| Net Operating Profit after Tax | $ 17 | $ 23 | *$ 4* | $ 12 | $ 24 |
| Unlevered Free Cash Flow [(1)] | $ 29 | $ 20 | *$ 2* | $ 13 | $ 23 |

Any discrepancy in the information utilized by the Company's financial advisor to render its fairness opinion is material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(ii)    According to the Proxy Statement, in the ordinary course of business, Credit Suisse and its affiliates may acquire, hold or sell for its and its affiliates, own accounts and the accounts of customers, equity, debt and other securities of the Company and Orbotech, as well as provide investment banking and other financial services to such Companies. The Proxy Statement is deficient because it fails to disclose (a) the amount of the fees that Credit Suisse has received for work it has done for Orbotech and/or its affiliates, (b) any work, and the fees payable therefrom, that Credit Suisse expects to perform for Orbotech and/or its affiliates in the future, and (c) the extent of Credit Suisse's holdings in any equity, debt and/or other securities of Orbotech.

Information with regard to any conflict of interest that the Company's financial advisor may have is material to the Company's public shareholders in determining how much weight to place on its opinion and must therefore be disclosed.

(iii)    According to the Proxy Statement, a substantial majority of Credit Suisse's $4.5 million fee is contingent upon the close of the Sale Agreement. The Proxy Statement is deficient because it fails to disclose the percentage of that fee which is contingent upon the close of the transaction.

Information with regard to any conflict of interest that the Company's financial advisor may have is material to the Company's public shareholders in determining how much weight to place on its opinion and must therefore be disclosed.

10

(iv)   According to the Proxy Statement, Credit Suisse indicated to Orbotech that a price range of $16.50 to $17.00 per share was an "appropriate basis to continue negotiations" regarding a sale of Photon Dynamics to Orbotech. The Proxy Statement is deficient because it fails to disclose the basis upon which Credit Suisse arrived at this price range.

This information is material to Photon Dynamics' public shareholders in determining the extent to which the Individual Defendants complied with their duties of loyalty and care to protect the best interests of the Company's public shareholders.

(v)   With regard to Credit Suisse's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose the methodology Credit Suisse used to arrive at (a) discount rates of 12.0% to 16.0% that it used for this analysis and (b) the after taxes multiples of 12.0x to 20.0x that it used for this analysis.

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(vi)   With regard to Credit Suisse's *Selected Companies Analysis*, the Proxy Statement is deficient because it fails to disclose (a) the criteria Credit Suisse used to select the Companies it reviewed for this analysis, and (b) the range of selected multiples that Credit Suisse derived from this analysis and applied to derive the implied estimated per share equity reference ranges.

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed.

(vii)   With regard to Credit Suisse's *Selected Transactions Analysis*, the Proxy Statement is deficient because it fails to disclose (a) the criteria Credit Suisse used to select the transactions it reviewed for this analysis, and (b) the range of selected multiples that Credit Suisse derived from this analysis and applied to derive the implied estimated per share equity reference ranges.

The methodologies employed by a financial advisor to render its fairness opinion are material to the public shareholders of Photon Dynamics in determining how much weight to place on the fairness opinion and must therefore be disclosed. This information becomes particularly important in this context given Credit Suisse's admission that it accorded less weight to this analysis than to the other analysis "in light of the lack of direct comparability between the companies engaged in the selected transactions and the Company."

11

Case 5:08-cv-03688-RS    Document 12-4    Filed 08/07/2008    Page 13 of 16

    (viii)    According to the Proxy Statement, Orbotech advised the Company that it would "agree to forego an employee-related closing condition in the merger agreement." The Proxy Statement is deficient because it fails to disclose what that condition is.

This information is material to Photon Dynamics' public shareholders in determining the extent to which the Individual Defendants complied with their duties of loyalty and care to protect the best interests of the Company's public shareholders.

## COUNT I

### Breach of Fiduciary Duties of Care, Good Faith and Loyalty Under California Law (Against the Individual Defendants)

36.    Plaintiff repeats and realleges all previous allegations as if set forth in full herein.

37.    The Individual Defendants have violated the fiduciary duties of care, good faith, and loyalty they owe to the shareholders of Photon Dynamics under California Law. The Individual Defendants' negotiation of and agreement to the terms of the Sale Agreement demonstrate a clear absence of the exercise of due care, good faith, and of loyalty to Photon Dynamics' public shareholders.

38.    In agreeing to the Sale Agreement, the Individual Defendants failed to adequately inform themselves of Photon Dynamics' highest transactional value and failed to do so because of their interest in quickly signing the Sale Agreement and thereby obtaining the improper personal benefits they will receive thereunder.

39.    In addition, the $15.60 per share price to be paid to Photon Dynamics' public shareholders is inadequately low given that (a) the intrinsic value of Photon Dynamics' common stock is in excess of the $15.60 per share offered by Orbotech, giving due consideration to the Company's prospects for growth and profitability in light of its business, earnings power, present and future; and (b) it is not the result of an appropriate consideration of the value of Photon Dynamics because the Individual Defendants approved the Sale Agreement without undertaking adequate steps to fairly and accurately ascertain Photon Dynamics' value.

40.    By reason of the foregoing, Plaintiff and each member of the Class are suffering irreparable injury, including injury for which there is no adequate remedy at law.

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT II**

**Breach of Fiduciary Duty of Disclosure Under California Law
(Against All Defendants Except Orbotech)**

41.    Plaintiff repeats all previous allegations as if set forth in full herein.

42.    Under California Law, the fiduciary duties of Defendants other than Orbotech require them to disclose to Plaintiffs and the class all information material to the decisions confronting Photon Dynamics' public shareholders with regard to their vote on the Sale Agreement.

43.    As set forth above, Defendants have breached their fiduciary duty through materially inadequate disclosures and material omissions.

44.    By reason of the foregoing, Plaintiff and each member of the Class are suffering irreparable injury, including injury for which there is no adequate remedy at law.

**COUNT III**

**Aiding and Abetting Under California Law
(Against Orbotech)**

45.    Plaintiff repeats all previous allegations as if set forth in full herein.

46.    The Individual Defendants owed Plaintiff and Photon Dynamics' other shareholders duties of care, good faith and loyalty under California Law.  As earlier alleged, the Individual Defendants breached these fiduciary duties.  Orbotech has aided and abetted the Individual Defendants in the breaches of their fiduciary duties to Photon Dynamics' shareholders by, among other things, (a) negotiating a sale of the Company to Orbotech with knowledge of the conflicts of interest and the inadequate price the Individual Defendants have agreed to as a result of the same, (b) requiring Photon Dynamics to pay it a substantial break-up fee if it accepts a superior proposal, and (c) agreeing to indemnify the Individual Defendants for liability arising as a result of their wrongful conduct as alleged herein.  The payment of the break-up fee effectively serves as a substantial deterrence to other prospective buyers since they would be saddled with the burden of paying the termination fee.  Further, the proposed sale of Photon Dynamics to Orbotech could not take place without the knowing participation of Orbotech.

13

47.     By reason of the foregoing, Plaintiff and each member of the Class are suffering irreparable injury.

### **PRAYER**

WHEREFORE, Plaintiff demands judgment as follows:

A.     determining that this action is a proper class action, and that Plaintiff is a proper class representative;

B.     declaring that Defendants have breached their fiduciary duties to Plaintiff and the Class and/or aided and abetted such breaches;

C.     awarding Plaintiff and the Class compensatory and/or rescissory damages as allowed by law;

D.     awarding interest, attorney's fees, expert fees and other costs, in an amount to be determined; and

E.     granting such other relief as the Court may find just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: August 7, 2008                    HULETT HARPER STEWART LLP
                                         KIRK B. HULETT
                                         BLAKE MUIR HARPER
                                         SARAH P. WEBER


                                          /s/ Sarah P. Weber
                                         SARAH P. WEBER

                                         550 West C Street, Suite 1600
                                         San Diego, CA  92101
                                         Telephone:     (619) 338-1133
                                         Facsimile:     (619) 338-1139

                                         Attorneys for Plaintiff, Capital Partners

14

THE BRUALDI LAW FIRM, P.C.
RICHARD B. BRUALDI
GAITRI BOODHOO
SUE LEE
AYESHA N. ONYEKWELU
29 Broadway-24th Floor
New York, NY 10006
Telephone:     (212) 952-0602
Facsimile:      (212) 952-0608

Of Counsel for Plaintiff Capital Partners

15

1   HULETT HARPER STEWART LLP
    KIRK B. HULETT, SBN: 110726
2   BLAKE MUIR HARPER, SBN: 115756
3   SARAH P. WEBER, SBN: 239979
    550 West C Street, Suite 1600
4   San Diego, CA  92101
    Telephone:    (619) 338-1133
5   Facsimile:    (619) 338-1139
6   e-mail: kbh@hulettharper.com
          bmh@hulettharper.com
7         sweber@hulettharper.com

8   Attorneys for Plaintiff, Capital Partners
    [Additional Counsel on Signature Page]
9
                **IN THE UNITED STATES DISTRICT COURT**
10
            **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**
11

12  | CAPITAL PARTNERS, on Behalf of Itself and All Others Similarly Situated, | Case No. 08-03688RS |
    |---|---|
13  | | **[PROPOSED] ORDER REGARDING REMAND** |
    | Plaintiff, | |
14  | v. | |
    | | DATE:        TBD |
15  | DR. MALCOLM J. THOMPSON, JEFFREY | TIME:        TBD |
16  | A. HAWTHORNE, TERRY H. CARLITZ, | JUDGE:    Magistrate Judge Richard Seeborg |
    | DR. DONALD C. FRASER, EDWARD | DEPT:    Courtroom 4, 5th Floor |
17  | ROGAS, JR., CURTIS S. WOZNIAK, | |
    | PHOTON DYNAMICS, INC. AND | |
18  | ORBOTECH, LTD., | |
19  | Defendants. | |

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER REGARDING REMAND; Case No. 08-03688RS

1      The Court, having considered Plaintiff's Motion to Remand this action to the Superior

2  Court of California, Santa Clara County and having considered the papers submitted by the

3  parties and the pleadings and evidence in the record, finds there is good cause to grant plaintiff's

4  motion.

5      IT IS THEREFORE ORDERED, on this _____ day of August, 2008, that

6  Plaintiff's Motion for Remand is hereby granted and the Clerk of the Court is directed to

7  promptly return the file to the Superior Court of California, Santa Clara County.

8  DATED: _____

9

                          _____

                          MAGISTRATE JUDGE RICHARD SEEBORG

10                          UNITED STATES DISTRICT COURT

11  Submitted by:

12  HULETT HARPER STEWART LLP

    KIRK B. HULETT

13  BLAKE MUIR HARPER

    SARAH P. WEBER

14

15

      /s/ Sarah P. Weber_____

16  SARAH P. WEBER

17

    550 West C Street, Suite 1600

18  San Diego, CA  92101

    Telephone:    (619) 338-1133

19  Facsimile:    (619) 338-1139

20

    Attorneys for Plaintiff, Capital Partners

21

    THE BRUALDI LAW FIRM, P.C.

22  RICHARD B. BRUALDI

    GAITRI BOODHOO

23  SUE LEE

    AYESHA N. ONYEKWELU

24  29 Broadway-24th Floor

    New York, NY 10006

25  Telephone:    (212) 952-0602

    Facsimile:    (212) 952-0608

26

27  Of Counsel for Plaintiff, Capital Partners

28

                                                 1